FRANCES F. GRABIEL *vs.* IDA MICHELSON & another.

Suffolk.   May 11, 1937. — May 12, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Entry, Writ of. Mortgage,* Of real estate: foreclosure. *Trust,* Title of trustee.

It was not a defence to a writ of entry that the demandant held the legal title in trust for others.

The foreclosure of a mortgage of real estate by entry and by possession for three years under G. L. (Ter. Ed.) c. 244, §§ 1, 2, was valid notwithstanding possible irregularities in a purported foreclosure under a power of sale contained in the mortgage.

WRIT OF ENTRY in the Land Court dated April 13, 1936.

The case was heard by *Sullivan, J.,* who ordered judgment for the demandant. The tenants alleged exceptions.

*L. L. Lobel,* for the tenants, submitted a brief.

*F. P. Harrison,* for The Boston Five Cents Savings Bank, submitted a brief.

*H. D. Winslow,* for the demandant.

RUGG, C.J. This is a writ of entry to recover possession of land in Boston. The tenants plead *nul disseisin* and attack the validity of the sale in foreclosure of a mortgage of the premises. The pertinent facts are these: On January 2, 1929, the tenants, as owners of the demanded premises, executed a mortgage to The Boston Five Cents Savings Bank for the sum of $25,000. The mortgage was in the statutory form with power of sale and was duly recorded. On April 6, 1933, said mortgage was in default for non-payment of principal and interest and continued in default thereafter. On April 6, 1933, The Boston Five Cents Savings Bank made an open, peaceable and unopposed entry on the mortgaged premises. A certificate of said entry was signed and sworn to by two competent witnesses and recorded in the registry of deeds on April 13, 1933. From the date of that entry the mortgagee was in possession until the sale to the demandant. On January 2, 1936, an agreement for sale of the premises to the demandant was made, and on January 31, 1936, she paid the consideration and received delivery of the deed which was recorded on the same day. The demandant represented a partnership and holds the title for the partners. It was found that neither the demandant nor her principals at any time before the purchase of the property had any knowledge of dealings between The Boston Five Cents Savings Bank and the tenants except what was apparent from the records in the registry of deeds. It has been found that no fraudulent or false representations were made by the bank or any of its representatives at any time to the tenants or either of them.

The contention of the tenants, that because the demandant holds the legal title in trust for others she cannot maintain this action, cannot be supported. She has an estate of freehold sufficient to prosecute a writ of entry. G. L. (Ter. Ed.) c. 237, §§ 1, 4. *Mackernan* v. *Fox*, 220 Mass. 197. The demandant has a good title under the foreclosure of the mortgage by entry regardless of the foreclosure by execution of the power of sale. It is not necessary to consider whether there was an irregularity in the

foreclosure of the mortgage under execution of the power of sale. The argument of the tenants is directed solely to the alleged irregularity in the foreclosure of the mortgage under the power of sale. The demandant holds title under the foreclosure by an open, peaceable and unopposed entry on the mortgaged premises, certificate of which was duly recorded, and, the possession so obtained having been continued peaceably for three years, the right of redemption was thereby forever foreclosed. G. L. (Ter. Ed.) c. 244, §§ 1, 2.

*Exceptions overruled.*