MICHAEL T. HULL *vs.* ATTLEBORO SAVINGS BANK &
others[1]
(and a companion case).

No. 91-P-567.

Bristol. January 6, 1992. - July 22, 1992.

Present: WARNER, C.J., ARMSTRONG, & IRELAND, JJ.

*Mortgage*, Foreclosure. *Practice, Civil*, Summary judgment, Service of
process, Dismissal.

Summary judgment was properly entered for the defendants in a mortga-
gor's action seeking to set aside a foreclosure by sale where, after the
other issues had been removed from the case, the materials before the
judge established that the plaintiff had actual notice of the foreclosure
sale. [21-25]

An action by the mortgagor of real property challenging the validity of the
mortgagee's entry onto the property for purposes of foreclosure by entry
and possession should have been dismissed for failure of the plaintiff to
make timely service of the summons and complaint, as provided by
Mass. R.Civ.P. 4(j), where the record provided no basis for a finding of
good cause justifying the plaintiff's tardiness in making service. [25-27]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 16, 1985.

After review by this court, 25 Mass. App. Ct. 960 (1988),
the case was heard by *Gerald F. O'Neill, Jr.*, J., on a motion
for summary judgment.

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 26, 1985.

The case was heard by *John J. O'Brien*, J., on a motion for
summary judgment.

*Ronald F. Kehoe* for the plaintiff.

[1]Edward F. Casey, Edward J. Casey, and Maria Y. Casey, purchasers
of the subject property from the purchaser at the foreclosure sale,
Homemakers Financial Services, Inc., also named as a defendant. The
companion case is between the same parties.

*Stephen D. Clapp* for Attleboro Savings Bank.

*Lawrence F. Heffernan* for Edward J. Casey & others.

WARNER, C.J. This is the consolidation of separate appeals and cross-appeals arising from two actions filed by the plaintiff against the same parties. Both actions stem from the 1982 foreclosure of a mortgage on a former residence owned by the plaintiff in Attleboro. We recite first the long procedural history of the cases.

The mortgagee, Attleboro Savings Bank (bank), commenced foreclosure proceedings after the plaintiff had failed to make mortgage payments for approximately two years. The bank conducted its foreclosure proceedings under two independent methods concurrently. First, the bank proceeded to foreclose by entry and possession in accordance with G. L. c. 244, §§ 1-2.[2] The bank made entry, took possession of the property on August 25, 1982, and duly recorded a certificate of its entry in the Bristol County northern district registry of deeds. Second, the bank proceeded to foreclose by exercise of the power of sale contained in the plaintiff's mortgage deed in accordance with G. L. c. 244, §§ 14-15.[3] The foreclosure sale took place on October 13, 1982.

The plaintiff filed his first action in the Superior Court, no. 19703, on April 16, 1985. In this action, he challenged the bank's foreclosure by sale and sought to set aside the foreclosure and subsequent sale of the property. He did not challenge the bank's foreclosure by entry and possession in this action, nor did he seek to redeem the property in the event

---

[2]Under this method, the foreclosure of the mortgagor's equity of redemption is not complete until the mortgagee (or its assignee) has maintained possession for three years continuously. During the three-year period, until foreclosure of the equity of redemption is complete, the mortgagor retains the right under G. L. c. 244, § 18, to redeem the property. The right of redemption is terminated, however, if the property is sold pursuant to a power of sale contained in the mortgage deed. G. L. c. 244, § 18.

[3]It is common to use both methods of foreclosure concurrently because proper execution of the former obviates any defects in the latter. See *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 70 (1933); *Grabiel* v. *Michelson*, 297 Mass. 227, 228-229 (1937).

that the foreclosure by sale was set aside.[4] This action has been actively litigated by the parties since April, 1985, when the plaintiff served his complaint on the bank and subsequent purchasers.

In February, 1986, a Superior Court judge granted the bank's and subsequent purchasers' motions for summary judgment, and the plaintiff appealed. This court upheld the grant of summary judgment in all but one aspect, the plaintiff's claim that the bank had failed to comply with the provisions of G. L. c. 244, § 14, requiring notice by mail to him. *Hull* v. *Attleboro Sav. Bank*, 25 Mass. App. Ct. 960, cert. denied, 488 U.S. 856 (1988). On remand, the plaintiff amended his complaint (in detail which we later explain) and both parties conducted further discovery and filed additional affidavits and documentary evidence. After hearing on the defendants' renewed motions for summary judgment, judgment was again entered for the defendants. The plaintiff appeals from this second dismissal.

The plaintiff filed his second action in the Superior Court, no. 20499, on August 26, 1985, exactly three years after the bank made entry and took possession of the subject property. In this action, the plaintiff for the first time challenged the validity of the bank's entry onto the property for purposes of foreclosure by entry and possession and sought to redeem the property in accordance with G. L. c. 244, § 18.

During the more than a year and a half after this action was filed, the plaintiff did not serve process on the defendants, nor did he do anything further to prosecute the case. The action was dismissed on March 30, 1987, without prejudice, apparently on the court's own motion, for failure to prosecute. Three years after filing, on August 22, 1988,

---

[4] The plaintiff moved for leave to amend this first complaint on February 4, 1986. In addition to other amendments, he sought to add a count requesting that the court permit him to redeem the property in accordance with G. L. c. 244, § 18. The judge took no action on the motion to amend the first complaint prior to granting the bank's motion for summary judgment. *Hull* v. *Attleboro Sav. Bank*, 25 Mass. App. Ct. 960, 960-961 (1988). This court implicitly affirmed the trial court's inaction on the plaintiff's request to add a redemption claim. *Id.* at 963.

the plaintiff made inquiry to determine the status of the case and was told that it had been dismissed. He immediately moved to vacate the judgment of dismissal. This motion was allowed on August 24, 1988. On the same date, the court also allowed the plaintiff's motion to amend the complaint.

The plaintiff did not serve process on either the bank or the subsequent purchasers following the revival of the action. On October 5, 1988, the bank moved to dismiss the complaint for failure to effect timely service of process in accordance with Mass.R.Civ.P. 4(j), as amended, 402 Mass. 1401 (1988), and 41(b)(2), 365 Mass. 804 (1974). On October 17, 1988, the plaintiff filed an opposition to the bank's motion to dismiss, claiming that the bank had not made out its claim of prejudice resulting from the delay in the service of process or the delay in prosecution of the case. The plaintiff finally served the summons and complaint on the bank and the subsequent purchasers on November 25, 1988, three years and three months after the action had been filed. On June 22, 1989, after hearing, a Superior Court judge found "no prejudice shown by the delay" and denied the bank's motion to dismiss.

This action was stayed by the assent of all parties pending the entry of judgment in no. 19703. All parties recognized that judgment in favor of the bank and subsequent purchasers in no. 19703 would render no. 20499 moot, since valid foreclosure by power of sale forever cuts off a mortgagor's right of redemption. See G. L. c. 244, § 18. No. 20499 was dismissed as moot following summary judgment in favor of the defendants in no. 19703.

The plaintiff appeals from the dismissal of cases no. 19703 and no. 20499. The bank and the individual defendants cross-appeal from the trial judge's denial of the bank's motion to dismiss no. 20499 for failure to effect timely service of process in accordance with rules 4(j) and 41(b)(2).

1. *No. 19703.* In *Hull* v. *Attleboro Sav. Bank,* 25 Mass. App. Ct. 960 (1988), we upheld the grant of summary judgment for the defendants in this case on all questions except for that involving compliance by the bank with the notice

provisions contained in G. L. c. 244, § 14,[5] as to which we said there was a material issue of fact whether the bank *sent* mail notice to the plaintiff. *Id.* at 963. We directed further proceedings on the notice issue only and for consideration of the allowance of the plaintiff's pending motion to amend his complaint by adding a claim under G. L. c. 93A on account of the bank's alleged failure properly to *send* notice to the plaintiff. *Ibid.*

Following remand, a Superior Court judge allowed the plaintiff's motion to amend to add the claim pursuant to G. L. c. 93A. The judge also allowed, however, amendments essentially restating allegations as to the plaintiff's mental condition which had been resolved by our decision in 25 Mass. App. Ct. at 961-962. Later, a second Superior Court judge properly struck those allegations.[6] See *Peterson* v. *Hopson,* 306 Mass. 597, 601-605 (1940); *Serody* v. *Serody,* 19 Mass. App. Ct. 411, 412 (1985). Cf. *Jones* v. *Wayland,* 380 Mass. 110, 114 n.9 (1980). It is of no moment whether the amended complaint (assuming it was effectively served) was answered, as "[f]ailure to file an answer does not preclude success on a timely motion for summary judgment." *Jones* v. *Wayland, supra* at 114 n.8.

On consideration of the materials submitted by the parties, the second Superior Court judge entered a new summary judgment for the defendants after necessarily deciding that there had been sufficient notice to the plaintiff of the foreclosure sale and, consequently, that there had been no violation of c. 93A. There was no error in the entry of summary judg-

---

[5]General Laws c. 244, § 14 (1990 ed.), provides in relevant part: "[S]aid notice [of the foreclosure sale] to be mailed [by registered mail] fourteen days prior to the date of sale to said owner . . . to the last address of the owner or owners of the equity of redemption appearing on the records of the holder of the mortgage, if any, or if none, to the address of the owner or owners as given on his deed . . . . "

[6]The plaintiff has not raised the issue of the propriety of this action except in a reply brief to the defendants' briefs. Accordingly, we need not consider the question. See *Travenol Labs., Inc.* v. *Zotal, Ltd.,* 394 Mass. 95, 97 (1985); *Assessors of Boston* v. *Ogden Suffolk Downs, Inc.,* 398 Mass. 604, 608 n.3 (1986). In the procedural posture of this appeal, however, we choose to do so.

ment for the reason, if no other, that the materials before the judge show that the plaintiff had actual notice of the foreclosure sale.

The bank received the following letter (emphasis supplied), signed by the plaintiff, one or two days after its date, October 6, 1982.

> "Mr. William Smith
> Attleborough Savings Bank
> Mortgage Department
> 16 Park Street
> Attleboro, Massachusetts 02703
>
> RE: *FORECLOSURE SALE*
> 246 TIFFANY STREET
> ATTLEBORO, MASSACHUSETTS 02703
>
> Dear Mr. Smith:
>
> Pursuant to our recent telephone conversation relative to the above-subject locus, I have enclosed a proposed advertisement for your consideration for *publication concerning the sale.*
>
> I hereby authorize this proposal or one similar in nature to appear in local newspapers and, further, acknowledge that *this expense is an ordinary expense incurred pursuant to the statutory power of sale contained in the mortgage.*
>
> Thank you for your attention and courtesies in this matter.
>
> Very truly yours,
>
> /s/ Michael T. Hull
>
> Michael T. Hull"

At the top of the enclosure appeared the following:

"By Order of:
Attleborough Savings Bank
Valuable Land and Buildings
*to be sold on*
*October 13, 1982 at 9:30 A.M.*
*on the premises*
*246 Tiffany Street Attleboro, Mass."* (emphasis supplied).

There followed a more particular description of the prop-
erty and abbreviated terms of sale than had already ap-
peared in the local newspaper, where the third publication
pursuant to G. L. c. 244, § 14, had been completed on Sep-
tember 23, 1982.[7] The date, time, and place of the proposed
foreclosure sale were precisely those set in the advertisement
and in the mailed notice to the plaintiff which had been re-
turned as undelivered. Moreover, the cash and balance of
payment terms in the proposed advertisement were exactly
the same as those in the two formal notices.

There is no real issue of fact as to the plaintiff's signature
on the October 6, 1982, letter. See *Angelini* v. *OMD Corp.*,
410 Mass. 653, 655 (1991). A bank officer, familiar with the
plaintiff's signature, identified it as such. In an affidavit, the
plaintiff says the signature "appears to be mine." That he
also denies preparing the letter and enclosure, having caused
them to be prepared, or having any present recollection of
seeing or signing them is to no avail. One who signs a writing
that is designed to serve as a legal document, as this and its
enclosure were, is presumed to know its contents.[8] See *Con-*
*necticut Jr. Republic* v. *Doherty*, 20 Mass. App. Ct. 107, 110
(1985), and cases cited; *Mayflower Seafoods, Inc.* v. *Integ-*
*rity Credit Corp.*, 25 Mass. App. Ct. 453, 459 (1988). As we
have said, the plaintiff's affidavit statements as to his alleged

[7]At least as of September 3, 1982, the plaintiff knew that the bank had
taken possession of the property. Arrangements were made with a bank
officer, who was present, and the plaintiff on that date removed some of his
personal belongings from the property.

[8]The plaintiff, a lawyer, was apparently suspended from the practice of
law at the time the letter was signed. There is no claim that his signature
was procured by fraud or undue influence.

mental impairment were of no relevance; that question had been removed from the case.

Compliance with the newspaper publication requirement of G. L. c. 244, § 14, may be had with the third publication as late as the day before the proposed foreclosure sale. The fourteen-day registered mail notice requirement is satisfied by mailing and nonreceipt is irrelevant. *Hull* v. *Attleboro Sav. Bank*, 25 Mass. App. Ct. at 963. The main purpose of both, however, is to provide notice to those affected by the foreclosure sale and to facilitate proof of notice. Here, those purposes were fully achieved as to the plaintiff because he had actual notice of the sale at least seven days before the scheduled date, and the bank had proof of it. See *Cinder Prod. Corp.* v. *Schena Constr. Co.*, 22 Mass. App. Ct. 927, 929 (1986), and cases cited; *Lamontagne* v. *Knightly*, 30 Mass. App. Ct. 647, 657 (1991). Cf. *Fairhaven Sav. Bank* v. *Callahan*, 391 Mass. 1011, 1012 (1984).

2. *No. 20499.* The dispositive issue in the defendants' appeals in this case involves the plaintiff's acknowledged failure to comply with the service of complaint requirements of Mass.R.Civ.P. 4(j), as amended, 402 Mass. 1401 (1988). That rule, effective as to cases pending on July 1, 1988, in which service had not been made, requires service of a complaint on a defendant within ninety days after filing. If service is not so made without a showing of good cause, the action is subject to dismissal, by the court or on motion of a defendant, without prejudice.

Absent judicial interpretation of rule 4(j) by our appellate courts, we look to that given by the Federal courts to the nearly identical Fed.R.Civ.P. 4(j). See *Shuman* v. *Stanley Works*, 30 Mass. App. Ct. 951, 952-953 (1991). Assuming for purposes of this case that the running of the ninety-day period was tolled from July 1, 1988, the effective date of rule 4(j), until August 24, 1988, when the dismissed complaint was reinstated, see *Geiger* v. *Allen*, 850 F. 2d 330, 332-333

(7th Cir. 1988), the plaintiff was tardy by three days when service was made on November 25, 1988.[9]

On June 22, 1989, a Superior Court judge, after hearing, denied the motion to dismiss, endorsing it "no prejudice shown by the delay."[10] The judge apparently applied the wrong standard. "Good cause" is " 'a stringent standard requiring diligen[t]' albeit unsuccessful effort to complete service within the period prescribed by the rule." *Shuman* v. *Stanley Works, supra* at 953, quoting from *Davis-Wilson* v. *Hilton Hotels Corp.*, 106 F.R.D. 505, 509 (E.D. La. 1985). See *Geiger* v. *Allen, supra* at 332. The plaintiff argues that the judge implicitly found that there was good cause for the plaintiff's delay of service. The record provides no basis for such a finding, however, because there was no recognizable. good cause for failure to make service. Indeed, there is not even a claim that the plaintiff *attempted* to make service at any time from the filing of the action on August 26, 1985, until service was made on November 25, 1988. The plaintiff argues that good cause existed because case no. 20499 would have been rendered moot if a decision was made for the defendants in case no. 19703. The argument fails because the good cause exception to rule 4(j) applies only when there has been diligent effort timely to effect service. It was error to deny the rule 4(j) motion to dismiss.

We recognize that a dismissal without prejudice would likely mean that the plaintiff's cause of action in this case would be time-barred by the statute of limitations, even with-

[9]The bank's motion to dismiss on the basis of rule 4(j) was timed on the unguided assumption, which we do not make, that the allowable time for service ran from July 1, 1988. In view of our disposition, we do not consider the bank's separate ground of dismissal under Mass.R.Civ.P. 41(b)(2).

[10]The fact that service was accomplished before action on the motion is of no significance. "[T]he only exception to Rule 4(j) dismissal is good cause for failure to serve within the [ninety] days. Later service or later knowledge by the defendant is irrelevant to that." *Geiger* v. *Allen, supra* at 332, quoting from *Winters* v. *Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

out regard to the result in case no. 19703.[11] This will, of course, sometimes be the inevitable consequence of such a dismissal. It does not prevent the operation of rule 4(j), much less provide a basis of a finding of good cause for the failure to make service. See *Geiger* v. *Allen, supra* at 334, and cases cited.

The judgment in case no. 19703 is affirmed. While it was error not to have previously dismissed case no. 20499 pursuant to rule 4(j), it is also true that case no. 20499 was rendered moot by the summary judgment in case no. 19703, and the summary judgment dismissing it was correct as the case then stood. Accordingly, the judgment in case no. 20499 is also affirmed.

*So ordered.*

---

[11]The bank commenced foreclosure by entry and possession on August 25, 1982, in accordance with G. L. c. 244, §§ 1 & 2. Such a foreclosure is perfected after three years of peaceful possession. G. L. c. 244, § 1. See *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 69-70 (1933); *Grabiel* v. *Michelson*, 297 Mass. 227, 229 (1937). The plaintiff made no effective claim for redemption until the one made in this action. It has now been almost ten years since the entry.