Cowin, J.
The plaintiff seeks leave to serve a summons and complaint on Goodyear Tire and Rubber Company, Inc. (“Goodyear”) and Auto Racing of New England, Inc. d/b/a Star Speedway/Raceway. Both defendants oppose on the basis that the plaintiff has not met the necessary showing of “good cause” why service was not made within the 90-day period required by Mass.R.Civ.P. 4(j).
This Court has heard arguments, read the parties’ memoranda and reread the cases on this subject. The Appeals Court in Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992), has said that “. . . the good cause exception to rule 4(j) applies only when there has been diligent effort timely to effect service (emphasis supplied).” I cannot find that the plaintiff has made “diligent effort timely to effect service.” I recognize that in Hull there was no claim that the plaintiff even attempted to make service for three years and three months. Although the plaintiff in the instant case did attempt to make service, I find it impossible to characterize that effort as “diligent.” Although there has been no showing of prejudice to the defendants, prejudice was specifically decided in Hull to be the inappropriate standard to apply under rule 4(j).
Hardship is caused by this ruling because the plaintiffs’ action apparently will be time-barred by the statute of limitations. The Appeals Court faced the same situation in Hull and stated, at 27: “This will, of course, sometimes be the inevitable consequence of such a dismissal. It does not prevent the operation of rule 4(j), much less provide a basis of a finding of good cause for the failure to make service.”
The Court is cognizant that the defendants in effect took some risk here. Aware that they were named as defendants in a lawsuit, defendants nevertheless took the chance that in the absence of service they were not a party and did not have to take any steps to defend.[1] Given the state of the law, however, they were entitled to take that risk.
ORDER
For the foregoing reasons, the plaintiffs motion for leave to serve is hereby DENIED.

 Counsel for Goodyear indicated at oral argument that documents with this case caption were at the Goodyear offices during the past year.