Cowin, J.
This case concerns claims about retroactive coverage under a professional liability malpractice insurance policy which defendant Stanley J. Carey (“Carey”), an insurance agent for defendant Alexander & Alexander (“A&A”), an insurance brokerage firm, provided to plaintiffs, Hayes, Clark, Hunt & Embry (“HCHE”), a Cambridge, Massachusetts law firm.
Defendant Carey has brought a motion to dismiss all claims against him due to plaintiffs’ failure to effect timely service of process pursuant to Mass.RCiv.P. 4(j) and 12(b)(5). In addition, defendants jointly move to dismiss Counts I (violation of c. 175, §181), II (violation of c. 176D), III (violation of c. 176D) and IX (fraudulent misrepresentation) pursuant to Mass.RCiv.P. 12(b)(6).
BACKGROUND
I. Carey’s Motion to Dismiss
It is uncontested that the complaint in this case was filed with the Middlesex Superior Court Civil Clerk on September 19, 1994. It is further uncontested that the return of service, attested to by Deputy Sheriff Robert G. Tyler, states that on December 16, 1994 Deputy Sheriff Tyler delivered the complaint to “Alice Bavaro, Vice President, agent, person in charge at the time of service for Carey, Stanley J, One Constitution Plaza, Charles-town, MA.” Affidavits submitted by Carey and Bavaro state that Bavaro, a co-worker of Carey’s at A&A, was not Carey’s agent for service of process.[3] Bavaro’s affidavit states that she was never asked by Tyler whether she was authorized to accept service for Carey. Carey’s affidavit further states that a copy of the complaint was never delivered to him in hand, nor to his residence, which is listed in the phone directory. The affidavit statements of Carey and Bavaro are uncontested.
Defendant Carey’s motion to dismiss all counts against him argues that plaintiffs failed to make proper service of the complaint upon him within ninety days after filing it with the Court as is required by Mass.RCiv.P. 4(j), and that, pursuant to rule 4(j), such a dismissal is mandatory. A dismissal in this case will bar some of plaintiffs, claims because of the statute of limitations.
Plaintiffs argue that their failure to effect timely service was due to the neglect of the deputy sheriff, who attempted service of process within the 90-day period, but improperly left the complaint with a colleague at Carey’s place of business. Plaintiffs argue that, insofar as c. 260, §32 gives plaintiffs the opportunity to refile cases dismissed due to insufficient process, and c. 223, §84 allows the court to quash an insufficient process and allow a plaintiff to re-serve process, there is a clear legislative intent to prevent unforeseen circumstances from creating a time-bar to original complaints. The plaintiffs maintain that the sheriffs error should permit them to refile and re-serve process.
II. Defendants’ Joint Motion to Dismiss Counts I, II, III, and IX
The complaint in this matter asserts the following. On September 20, 1991 plaintiffs applied for professional liability insurance through defendant A&A, an insurance brokerage firm. Defendant Carey, an employee of A&A, acted as plaintiffs’ insurance agent and assisted plaintiffs in changing policies from their prior carrier, New England Insurance Company (“New England"), to their new carrier, International Insurance Company (“International”).
Both Carey and A&A made representations to plaintiffs that they were very good brokers, that they would obtain very good insurance coverage and claims handling for plaintiffs and that coverage and claims handling would surpass that which plaintiffs had enjoyed with their prior insurance agency, Frank B. Hall & Co. The defendants further represented that International was a very good insurance company, with very good coverage and claims handling and that its insurance coverage and claims handling would be superior to that of New England. (Complaint ¶¶15-17.)
Defendants additionally stated that plaintiffs would receive retroactive insurance coverage in full for all of their acts committed prior to the effective date of their policy with International (“the new policy”). The application for the new policy with International offered coverage in full for all acts committed prior to the effective date of the policy and defendants represented that the new policy would not differ in any material way from the coverage for prior acts advertised in the application. (Complaint ¶¶20-21.)
Plaintiffs claim that in reliance on these representations they purchased the new policy from defendants. On October 4, 1991 Carey informed plaintiffs that he had bound them with the new policy, through International, effective September 28, 1991. On December 3, 1991 Carey mailed a copy of the new policy to plaintiffs, with a cover letter which reiterated that the plaintiffs were covered in full for all acts committed by plaintiffs prior to the effective date of the policy.
*468 The complaint further asserts that on April 30, 1992 plaintiffs were served with a demand letter from one Jonathan B. Hickok (“Hickok”) alleging professional malpractice. Hickok thereafter filed an action against plaintiffs (“the Hickok action”). Plaintiffs gave written and oral notice to defendants of their receipt of the demand letter, and later, of the complaint.
Susan Winkler (“Winkler”), an attorney for International, told plaintiffs that she would undertake their defense in the Hickok action pursuant to their coverage under the policy. Plaintiff Frederick B. Hayes, III (“Hayes”) discussed the case with Winkler and, based upon their conversations, plaintiffs believed the Hickok claim was covered under the new policy and that Winkler would be representing them.
International, relying upon Winkler’s investigation of the Hickok claim, decided it had no duly to defend or indemnify plaintiffs because plaintiffs had, allegedly, failed to provide defendants with notice of the Hickok claim at the time plaintiffs applied for the new policy. International then sued plaintiffs, in a declaratory judgment action, alleging that they had no duty to defend or indemnify. International served the plaintiffs with a denial of their claim in the Hickok action after filing the declaratory judgment action.
Plaintiffs retained their own attorney in the declaratory judgment action, after which International agreed to defend plaintiff in the Hickok action. International has refused to indemnify plaintiffs in the Hickok action.
Defendants’ motion to dismiss Counts I, II and III has not been opposed by plaintiffs.[4] These counts are, therefore, dismissed as against all defendants.
Defendants also seek to dismiss Count IX, arguing that a) plaintiffs have failed to allege sufficient facts to support a claim of fraud with the requisite particularity: b) plaintiffs have alleged misrepresentation based upon statements of opinion or promise rather than fact; c) certain statements were made after the plaintiffs entered' into their contract with the defendants and, therefore, could not have been relied upon; and d) plaintiffs did not allege that A&A prepared or was responsible for the content of the insurance application which contained statements upon which the plaintiffs allegedly relied.[5]
DISCUSSION
I. Dismissal Pursuant to Rule 4(j):
Mass.R.Civ.P. 4(j) requires service of a complaint on a defendant within 90 days after filing, unless the plaintiff can show good cause why such service was not made within that [ninety day] period. “The burden is on the plaintiff to show ‘good cause’ why service was not made within the time period required by the rule.” Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1985). “ ‘Good cause’ has been defined as ‘a stringent standard requiring diligent’ albeit unsuccessful effort to complete service within the time period prescribed by the rule.” Id. If service is not so made, without a showing of good cause, the action is subject to dismissal without prejudice. Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 25 (1992). “The good cause exception to rule 4(j) applies only where there has been a diligent effort timely to effect service (emphasis added).” Id. at 26.
Here, plaintiff did not even attempt to make service at any time from the filing of the action on September 19, 1994 until the unsuccessful attempt by Tyler on December 16, 1994, two days before the expiration of the service period. Plaintiffs never attempted to contact Carey to arrange in-hand service or to determine his home address for service there. Further, upon receiving the sheriffs faulty return of service, plaintiffs made no attempt to effect further service. I find it impossible to characterize this effort as “diligent.”
Some of plaintiffs’ claims against Carey will apparently be time-barred by the statute of limitations. The Appeals Court faced the same situation in Hull and stated, at 27: “This will, of course, sometimes be the inevitable consequence of such a dismissal. It does not prevent the operation of rule 4(j), much less provide the basis of a finding of good cause for the failure to make service.”
Plaintiffs’ arguments, suggesting a legislative intent to prevent unforeseen circumstances from creating a time-bar, are unavailing. Their lack of diligence in attempting to effect proper service within the mandated time frame did not result in an unforeseeable consequence; rather, it was the likely consequence of their last minute effort to serve process within the deadline without attempting alternative available means to insure effective service. Accordingly, Carey’s motion to dismiss the complaint is allowed.
II. Fraudulent Misrepresentation
Defendants challenge plaintiffs’ claim of fraudulent misrepresentation on a number of grounds. First, defendants allege that the complaint lacks sufficient particularity to support a claim for fraud pursuant to Mass.R.Civ.P. 9(b). In an action for fraud the claim will survive a motion to dismiss if “(t]he allegations indicate the statements made, the period in which they were made, their falsity and the defendants’ knowledge of their falsity, as well as the plaintiffs’ detrimental reliance thereon.” Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 48 (1991), citing Friedman v. Jablonski, 371 Mass. 482, 488-89 (1976).
In regard to the particularity that is necessary, the plaintiffs’ allegations indicate that defendants stated, in September of 1991, that plaintiffs would be covered in full for all acts committed prior to the effective date of the insurance policy, that plaintiffs relied on these representations in purchasing the policy from the defendants and that such coverage has not been forthcoming. The defendants’ knowledge may be averred generally. See Mass.R.Civ.P. 9(b). In ¶60 of the Complaint, the plaintiffs claim that “(e]ach of the *469 defendants . . . has committed separate misrepresentations of material facts made with knowledge of their falsity for the purpose of inducing the plaintiffs to act thereon, the plaintiffs having relied and acted upon the representations to their detriment.” This sufficiently avers knowledge on the part of the defendants.
Next, defendants allege that plaintiffs’ fraud claim is based upon statements of opinion or promise, rather than fact. “Most, if not all, courts hold that there are certain types of statements upon which a purchaser is not justified in placing reliance. Thus, a statement that an article is made of the finest material obtainable, that a particular automobile is the most economical car on the market, or that a certain investment is sound and will yield a handsome profit, and similar claims are generally understood to be matters of opinion and if reliance is placed upon them and they turn out otherwise the law does not afford a remedy.” Kabatchnick v. Hanover-Elm Building Corp., 328 Mass. 341,344 (1952). Plaintiffs’ allegations in ¶¶ 15 through 17 of their complaint are of this type (“very good insurance broker,” “very good coverage and claims handling,” “would surpass that... [of] their previous broker,” “superior to that of their prior insurance carrier, New England”) and constitute nothing more than the sort of puffery and sellers’ talk described in Kabatchnick. Were the puffery the only allegations, the complaint would not make out a claim of fraudulent misrepresentation. However, ¶¶20 through 23 are allegations of fact (“defendants . . . represented [that] plaintiffs . . . would receive retroactive insurance coverage for all of [plaintiffs’] acts committed prior to the effective date of the policy. .. [which] would not differ in any material way from coverage . . . advertised in the application”), not sellers’ talk, opinion or promise.
Defendants further argue that plaintiffs’ allegation in ¶26, that they relied to their detriment upon statements made by Carey in a letter dated December 3, 1991, cannot support an action for fraud because these statements were made after the contract was formed. Defendants are.correct. By December, plaintiffs had already purchased and were bound under the new policy and, therefore, could not have relied on this statement in their decision to change policies. Other statements, however, as indicated above, set forth a sufficient basis for the misrepresentation claim.
Finally, defendants argue that plaintiffs have not alleged that A&A prepared or was responsible for the content of the insurance application upon which plaintiffs relied. Paragraph 21 of the complaint states, however, that “defendants provided the plaintiffs with an application for insurance which offered retroactive insurance coverage in full for all of their acts committed prior to the effective date of the policy.. . [and that]. .. defendants represented . . . that . . . the coverage . . . would not differ in any material way from that advertised in the application.” This is a sufficient allegation of A&A’s responsibility for the content of the application.
ORDER
Based upon the foregoing, it is hereby ORDERED that defendant Carey’s motion to dismiss all counts against him is ALLOWED. It is further ORDERED that the motions to dismiss of defendants Carey and A&A are ALLOWED as to Counts I, II, and III and DENIED as to Count IX.

It is procedurally permissible to submit affidavits in support of a Rule 12(b)(5) motion because the matter is preferably raised at the pleading stage since it pertains to the Court’s jurisdiction. See Generally C. Wright & A. Miller, 5A Federal Practice and Procedure, §1353, p. 284 (1990). Defendants do not rely on the affidavits in support of their 12(b)(6) motion.

These counts are for violation of c. 175, §181 (Count I) and violation of c. 176D (Counts II and III).

defendants also raised a statute of limitations argument in their brief, but indicated at oral argument that they have decided to reserve this argument until summary judgment.