Sosman, J.
The plaintiff brought this negligence action against the defendants. The defendant Hyundai Motor Company (HMC), a Korean corporation, now moves to dismiss on grounds of lack of personal jurisdiction and insufficiency of service of process. For the reasons set forth below, I allow the motion.
BACKGROUND
The plaintiff is a Massachusetts resident. He and his wife, Susan J. Parmenter (Susan), purchased their Hyundai automobile in Massachusetts from a Hyundai dealer. Susan was killed in Virginia when her vehicle collided with a pickup truck and her body “telescoped” under the shoulder harness of the seat belt on impact, breaking her neck.
DISCUSSION
I. PERSONAL JURISDICTION
To overcome HMC’s motion to dismiss, the plaintiff must demonstrate to the court: (1) that it may properly assert jurisdiction pursuant to Massachusetts’s “long arm” statute, G.L.c. 223A, §3; and (2) that HMC established certain “minimum contacts” within the Commonwealth such that the assertion of jurisdiction would not offend traditional notions of fair play and substantial justice. Connecticut National Bank v. Hoover Treated Wood Prods., 37 Mass.App.Ct. 231 (1994). Accord, Walsh v. National Seating Co., Inc., 411 F.Supp. 564, 568 (D.Mass. 1976), citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (maintenance of suit must not offend traditional notions of fair play and substantial justice). In addition, “(g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field,” United States v. First National City Bank, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting), as plaintiff seeks to do in this case.
A. GENERAL LAWS Chapter 223A, §3
Massachusetts’s “longarm” statute provides for personal jurisdiction over persons, acting directly or through an agent, for certain enumerated acts if those acts give rise to a cause of action in law or equity. G.L.c. 223A, §3. The statute states, in pertinent part:
[a]court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s
(a) transacting any business in this commonwealth;
(b) contracting to supply services or things in this commonwealth;
(c) causing tortious injury by an act or omission in this commonwealth;
(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;. . .
Jurisdiction on the basis of “transacting business," G.L.c. 223, §3(a), will ordinary not lie if: (1) the defendant maintains no office, telephone listing, mailing address or bank account in Massachusetts; (2) neither owns, rents nor uses any property in the State; (3) is not qualified to conduct business in the State, solicits no business in Massachusetts and does not advertise in Massachusetts; (4) employs no individuals in the State; and (5) has never shipped or delivered any products to Massachusetts. See, e.g., Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 154; Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. K.G., 26 Mass.App.Ct. 14, 1718, review denied, 402 Mass. 1105 (1988). See also, “Automatic" Sprinkler Corporation of America v. Seneca Foods Corporation, *138 361 Mass. 441, 44445 (1972); Buckeye Associates Limited v. Fila Sports, Inc., 616 F.Supp. 1484, 1492 (D.Mass. 1985); Accutest Corp. v. Accu Test Systems, Inc., 532 F.Supp. 416, 41920 (D.Mass. 1982).
In support of its motion, HMC has submitted the affidavit of Jong Hyok Kim stating that HMC does not transact business in Massachusetts, maintains no office, telephone listing, mailing address, or bank account in Massachusetts, neither owns, rents nor uses any property in Massachusetts, is not qualified or licensed to conduct business in Massachusetts, has no employees in Massachusetts, and has never shipped or delivered any products to Massachusetts.
On his part, the plaintiff contends that Hyundai Motor America (HMA) acts as an agent of HMC and therefore any alleged corporate separateness should be disregarded. Corporate separateness is disregarded when
there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which various corporations and their respective representatives are acting.
My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 615, 619 (1969) (emphasis supplied).
Here, the plaintiff has put forth materials evidencing considerable ambiguity with respect to the role of HMC in the marketing, distribution, and sale of Hyundai automobiles in Massachusetts and throughout the United States. The 129page Owner’s Manual given to plaintiff when he purchased his Hyundai was prepared by HMC and printed in Korea. In the Owner’s Handbook, HMC states that “Hyundai’s success in world markets has been largely due to its commitment to building quality products, then standing behind them" (Emphasis supplied.) The Handbook continues:
“(i]n order to accomplish the task of supporting a sales service network spread out across the U.S., Hyundai has established regional operations bases in the Los Angeles, New York City, Chicago and Atlanta vicinities. Each location has a fully staffed regional sales and service office plus a fully stocked Parts Distribution Center . . .
In keeping with its ‘can do’ attitude, Hyundai is focusing its abilities and resources toward maintaining a strong sales, parts and service network throughout the U.S. with special emphasis placed on satisfying the needs of their customers [sic]. (Emphasis supplied.)
Because I am satisfied that HMC “transacts business” in Massachusetts, I need not address the plaintiffs other arguments made pursuant to G.L.c. 223A, §3(b), (c) and (d).
B. MINIMUM CONTACTS
Traditional notions of fair play and substantial justice require that “a foreign corporation will not be subject to in personam jurisdiction un[less] it has ‘purposefully avail(ed) itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.’ ” Walsh, supra citing Hanson v. Denckla, 357 U.S. 235 (1958). Accord, Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), quoted with approval in Asahi Metal Ind. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 107 (1987). “Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant [itself that create a ‘substantial connection’ with the forum State.” Burger King, supra quoting McGee v. International Life Insurance Co., 355 U.S. 220 (1957) (emphasis in original). “The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.” Worldwide Volkswagen, 444 U.S. 286, 29798 (1980), quoted in Asahi, 480 U.S. at 109. “(I]f the sale of a product of a manufacturer or distributor... is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other States [or nations], it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owners or to others.” Worldwide Volkswagen, supra at 297 (emphasis supplied).
In the instant case, HMC manufactured the plaintiffs automobile. Although sales of vehicles from HMC to HMA took place overseas, the statements contained in the Owner’s Manual and Owner’s Handbook, discussed above, give rise to an inference that such transactions were the culmination of efforts on the part of HMC, indirectly at least, to purposely avail itself of a market for its products in Massachusetts and others of the United States. HMC delivered its automobiles into the stream of commerce with the expectation that they would be purchased by consumers in Massachusetts. It is not unreasonable to subject HMC to suit here if, due to inherent defect, its product was the source of injury to plaintiffs decedent.
II. INSUFFICIENCY OF SERVICE OF PROCESS
If service of process is not made within 90 days after filing the complaint, and the plaintiff cannot show good cause why service was not made within that period, then “the action shall be dismissed as to that defendant. . . upon motion.” Mass.R.Civ.P.4(j). In this case, HMC claims service was not completed within 90 days, or within a period of extension granted by the court.
This action was commenced on July 2, 1993. The initial 90day period for service of process expired September 30, 1993, without service having been *139 made upon HMC. On October 12, 1993, the plaintiff sought and was granted an extension until October 30, 1993 to serve HMC. Upon expiration of this second period, HMC had not yet been served. HMC received by registered mail, on November 3, 1993, a summons and copy of the complaint, under cover of letter dated October 27, 1993.
Mass.R.Civ.P.6(d) states that whenever a party makes service of process by mail, 3 days shall be added to the prescribed period. Therefore, extension of time for service by mail ran upon HMC until November 2, but not until or through November 3. See Riffe v. Mainiero, C.A. No. 924305C (Middlesex Sup. Ct., March 30, 1993 (order extending time “to October 16, 1992" did not allow extension ”to and including" or “to and through” or “to and on” October 16, 1992)).
“If service [of process] is not completed within the prescribed period, [Mass.R.Civ.P.4(j)] mandates that the action shall be dismissed by the court sua sponte or upon motion by the defendant.” Shuman v. The Stanley Works, 1990 Mass.App.Div. 6, 7 (“Shuman I”), affirmed 30 Mass. App. Ct. 951 (“Shuman IT) (1991). Failure to allow a motion to dismiss where plaintiff has failed to comply with Rule 4(j) is reversible error. Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992).
Here, HMC moves for dismissal due to failure of service of process. The plaintiff must show “good cause” why service was not made within the prescribed time, Mass.R.Civ.P.4(j); Shuman I, 1990 Mass.App.Div. at 7, but has not done so. Rather, the plaintiff argues that the court earlier denied HMC’s motion for reconsideration of the first extension, therefore, no further action should be taken on the service of process issue.
As HMC points out, however, the instant motion to dismiss for failure of service of process is based on the plaintiffs failure to make service within the extended time period granted by the court, and the plaintiffs obligation to show ‘good cause’ for the delay is subject to a strict construction. Shuman I, at 8. “ ‘Good cause’ has been defined as ‘a stringent standard requiring diligen[t]’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Hull, 33 Mass.App.Ct. At 26. As noted above, the plaintiff has set forth no reasons for his second failure to comply with Rule 4, but instead baldly asserts that the court’s earlier denial of HMC’s motion to reconsider its first extension decision involved the same issues. Those assertions fail to sustain the plaintiffs burden under Rule 4. Accordingly, HMC is entitled to dismissal pursuant to Mass.R.Civ.P. 12(b)(5).
ORDER
For the reasons stated above, it is hereby ORDERED that the defendant Hyundai Motor Company’s motion to dismiss by ALLOWED.