Aguiar, J.
This appeal raises the issue of whether the trial court judge abused his discretion in finding that the plaintiff failed to show good cause for failing to serve the defendants with process in accordance with Mass. R. Civ. R, Rule 4®.
We find there was no error.
This lawsuit arises out of a slip and fall which occurred on February 14,1992, allegedly on the defendants’ property. The plaintiff filed her complaint in the Norfolk Superior Court on February 14,1995, exactly three years to the day following the accident. The defendants were not served with the complaint and summons until May 13,1996.
On June 19, 1995, the plaintiff’s complaint was dismissed, sua sponte, by the Norfolk Superior Court. The plaintiff filed a motion to vacate order of dismissal which was allowed by the Superior Court. In allowing said motion, Judge Thomas Connolly extended the time for service of the plaintiff’s complaint upon the defendants until April 1,1996. Plaintiff’s counsel stated in her motion that the summons and complaint would be served by February 27,1996.
The plaintiff served the summons and complaint upon the defendants on May 13, 1996, fifteen months after it was filed, and forty-four days after the Court ordered deadline for service. The case subsequently was remanded to the Dedham District Court.
On or about November 5, 1996, the defendants filed the motion of the defendants to dismiss plaintiff’s complaint pursuant to Mass. R. Civ R, Rule 4®. The Court allowed said motion and the plaintiff’s complaint was dismissed on June 4, 1997.
Mass. R. Civ R, Rule 4® states as follows: “Summons: Time Limit of Service. If *205 a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.”
The suit against Rustcraft Realty Trust, the landowner, was dismissed because the recorded lease between the defendant bank and the landowner requires the bank to take care of snow and ice removal.
Plaintiff argues that at the time suit was filed, Multibank disappeared. The bank’s charter was terminated in June of 1994, but Multibank Financial Corp. Inc. was not dissolved until June 6, 1996. Multibank Financial Corp. Inc. was consolidated with Bank of Boston, now Bank Boston, before plaintiff filed her lawsuit. Plaintiff further argues that the unusually difficult weather conditions in the winter and spring of 1996 and the state of her own health (foot injuries which included two fractures) made service on the defendant difficult. Plaintiff further argues that the defendant has not been prejudiced by the delay of service, that plaintiff’s situation is that the case is time barred by the statute of limitations, and that plaintiff has good cause and excusable neglect under Rule 4® to warrant reversal of the motion to dismiss.
We disagree with the plaintiff. “The burden is on the plaintiff to show good cause why service was not made within the time period required by the rule..” Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 571, N.E. 2d, 634 (1991).
The plaintiff’s brief argues that Multibank Center has failed to allege specific prejudice as a result of the plaintiff’s fifteen (15) month delay in service, despite the fact that Massachusetts law unequivocally states that the prejudice standard does not apply. Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 27, 596, N.E. 2d, 363 (1992).
Plaintiff’s contention that she could not properly serve the defendants due to a “corporate maze,” which was involved with identifying the owner of the premises where plaintiff fell, is unconvincing. Plaintiff’s counsel only needed to identify the landowner at the local municipal office or at the county registry of deeds, serve said landowner with process, and by way of discovery, identify the responsible entity, a process which is commonly followed. Simply serving the landowner and either relying on the landowner to implead other parties or amending her complaint to add additional parties, would have been the simple method of proceeding with this litigation. This was a mistake by the plaintiff.
Plaintiff made a further mistake by failing to comply with the extension of time which was given to her by the Superior Court judge. Plaintiff has not shown due diligence in abiding by an extremely generous court order which allowed her ten additional weeks to effectuate service.
The failure of plaintiff’s counsel to request an additional extension of time for service under Mass. R. Civ. R, Rule 6(b), 365 Mass. 747 (1974), “is some evidence of lack of diligence.” Shuman, 30 Mass. App. Ct at 953, 571 N.E. 2d at 635.
The plaintiff’s inability to refile her complaint due to the expiration of the statute of limitations is irrelevant to the disposition of this appeal. In Hull v. Attleboro Savings Bank, the Massachusetts Court of Appeals considered this precise issue and stated as follows: “We recognize that a dismissal without prejudice would likely mean that the plaintiff’s cause of action in this case would be time-barred by the statute of limitations ... This will, of course, sometimes be the inevitable consequence of such a dismissal. It does not prevent the operation of Rule 4(j), much less provide a basis of a finding of good cause for the failure to make service.”
For all of the above reasons, the appeal is dismissed.