Gershengorn, J.
This is a medical malpractice action which arises from the medical care and treatment rendered to plaintiff, Steven Bratica (“Bratica"), in late October or early November 1995. Defendants, Andree P. Derappe, M.D. (“Derappe”), Richard V. Gretzenberg, M.D. (“Gretzenberg”), Sarwat F. Dimitri (“Dimitri”), and Martin Murray (“Murray”) now move to dismiss plaintiffs complaint on the ground that they were not served within the 90-day period prescribed under Mass.R.Civ.P. 4(j). For the reasons set forth below, defendants’ motions are ALLOWED.
BACKGROUND
On October 27, 1995, Bratica, a seventy-two-year - old man, was admitted for surgery to MetroWest Medical Center, Leonard Morse Campus (“MetroWest”). The surgery was to be conducted by Dr. Arnold Miller (“Miller”). On October 31, 1995, the day of the scheduled surgery, Bratica experienced the first of many traumatic intubations. Following the surgery, Dimitri, the staff anesthesiologist, extubated Bratica; however, his airway became obstructed, thereby requiring that Dimitri forcibly re-intubate him. His airway then became fully occluded, thus preventing an endotracheal tube from being placed and requiring that a tracheotomy be performed. The repeated forceful and traumatic intubations and extubations that followed impaired Bratica’s swallowing, resulting in the aspiration of food into his trachea, and ultimately causing bouts of pneumonia. Consequently, Bratica had to be fed through a feeding gastrotomy tube surgically implanted into his stomach.
Bratica first brought this action on June 6, 1997 against defendants Miller, MetroWest, Raul LaGuarda, M.D. (“LaGuarda”), and Dimitri. On August 31, 1998, Bratica filed a motion to amend the complaint to include Derappe, Dimitri,[2] Gretzenberg, Murray, and William Strouss (“Strouss”). Bratica’s counsel, Lang & Morgera, L.L.P (“counsel”) received the order allowing this motion in September 1998. Allegedly unbeknownst to counsel, a copy of the amended complaint was filed with the motion to amend the complaint on August 31, 1998, thus requiring service of process by November 30, 1998. Defendants were not served with this amended complaint until June 2, 1999 at the earliest. Service was therefore not effected within the prescribed time.
Bratica’s counsel contends that there is good cause for their failure to effectuate service of process within the applicable 90-day period. First, they contend that the amended complaint was inadvertently filed with the motion to amend on August 31, 1998, but they did not have knowledge of any court filing until it was actually filed by them on April 28, 1999. Second, they assert that the firm experienced an unprecedented turnover of office staff in late 1998 and early 1999, thus resulting in confusion with respect to their office diary and docket system, potentially causing this failure to timely serve the defendants.
DISCUSSION
Pursuant to Mass.R.Civ.P. 40(j):
if a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice.
Thus, to avoid dismissal under Mass.R.Civ.P. 12(b)(5), the plaintiff has the burden of demonstrating that there was good cause for the failure to effectuate service within 90 days of filing the complaint. Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991). The trial judge is afforded discretion in determining whether the plaintiff has met this burden of showing good cause. Stevens v. Bradlees, Inc., 1995 Mass.App. Div. 9, 10. However, absent a showing of good cause or a request for an extension of time, dismissal is mandatory. Glasser v. Degenhart, 1995 Mass.App. Div. 42, 43.
“Good cause is ‘a stringent standard requiring diligent’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992), quoting Shuman, supra at 953. Thus, the good cause exception to rule 4(j) only applies when there is a diligent effort to effect timely service. Hayes, Clark, *504 Hunt & Embry v. Alexander & Alexander, Civil No. 94-5380, 3 Mass. L. Rptr. 467 (Super. Ct. April 4, 1995). Half-hearted efforts by and inadvertence of counsel do not meet the standard. Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 313 (1998); Glasser, supra at 43.
In this case, plaintiff argues that there was good cause for his failure to effect service within the 90 days required under Mass.R.Civ.P. 4(j). Specifically, Bratica asserts that the failure to serve timely was due to the inadvertent early filing of the amended complaint. Additionally, Bratica argues that unprecedented turnover in office staff at the time that the motion to amend was granted and the consequent failure to follow previously well established office procedures by new office staff resulted in the failure to timely serve. In either case, Bratica has not met the stringent standard of showing good cause. See Hull, supra. Again, good cause requires a diligent, albeit unsuccessful, effort to complete service within the 90 days prescribed by Mass.R.Civ.P. 4(j). Id. Bratica’s failure to serve the defendants with process within the required time was caused by inadvertence by counsel. Such inadvertence does not constitute good cause.[3] Commissioner of Revenue, supra at 313.
Bratica further argues that this court should rely on the Federal Rules of Civil Procedure for guidance in the interpretation Mass.R.Civ.P. 4(j). It is true that this court is often guided by judicial interpretations of parallel Federal rules; however, this is the case only when there are no compelling reasons to the contrary or significant differences in content. Shuman, supra at 953. Prior to 1993, F.R.C.P 4(j) was nearly identical to Mass.R.Civ.P. 4(jj, thus reliance on the former to interpret the latter was appropriate. Id. However, a 1993 amendment to the federal rule affords the trial judge discretion to extend the time for service of process absent a showing of good cause. This change creates significant differences in content between the two rules, thus making the use of federal interpretations for guidance of this state rule inappropriate.
F.R.C.P. 4(j), amended as F.R.C.P. 4(m), states:
If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for an appropriate period.
Thus, under the amended federal rule, the court must allow additional time if there is good cause for the plaintiffs failure to effect service in the prescribed 120 days, and is further authorized, in its discretion, to relieve a plaintiff of the consequence of an application of this rule even in there is no good cause shown. Reporter’s Notes to F.R.C.P. 4(m) (1999). However, whereas the federal counterpart to the Mass.R.Civ.P. 4(j) does not necessarily require that the plaintiff show good cause in order to avoid dismissal, Mass.R.Civ.P. requires such a showing. In light of this significant difference, this court is unpersuaded by plaintiffs argument and will therefore not look to federal precedent for guidance.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motions to dismiss be ALLOWED.

 Dimitri had been incorrectly named George Dimetri in the first complaint.

 This court is cognizant that the statutes of limitations have run on all of plaintiffs claims. Thus, a dismissal without prejudice will cause Bratica significant hardship. Nevertheless, the underlying policy of rule 4(j) is to encourage prompt movement of civil actions in courts. Shuman v. Stanley Works, 30 Mass. App. 951, 954 n.3 (1991). Although loss of plaintiffs 'cause of action will be the inevitable consequence of this dismissal, it does not prevent the operation of rule 4(j), much less provide a basis of a finding of good cause for the failure to make service. Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 27 (1992).