Murphy, J.
The plaintiffs, Elaine and John Reardon (“Reardons”), brought an action for medical malpractice against the defendants, and particularly for the purposes of this Motion, against Robert L. Spangler, M.D. (“Spangler”). The action was filed September 10, 2001 and the Reardons sought to serve process on the defendants. They did not know where Spangler lived but were aware he was affiliated with the emergency medicine department at Henry Haywood Memorial Hospital in Gardner, Massachusetts. Three attempts were made to serve Spangler in hand at Heywood Hospital. On November 30, 2001, the constable charged with serving process left that process with the person in charge of the emergency room at Heywood Hospital.
There is no question that Spangler actually received the summons and complaint because his attorney requested an extension to file an answer in December 2001. Further, it is undisputed that Haywood Hospital was Spangler’s principal place of business at all relevant times.
Spangler contends that leaving process at a defendant’s business address absent a showing that there was “good cause” to do so is not valid service. He argues that the Reardons’ attempts to serve process do not reveal good cause sufficient to justify service in this manner. Accordingly, Spangler asks this Court to dismiss the claims against him based on improper service. The Reardons respond that they made repeated good faith efforts to find and serve Spangler. Therefore, their resort to the manner of service used in this case was supported by good cause. For the following reasons, Spangler’s motion to dismiss is DENIED.

*633
DISCUSSION

Serving a summons and complaint upon an individual may be done either in person or by leaving copies at that individual’s “last and usual place of abode.” Mass.R.Civ.P. 4(d)(1). This service must be made within 90 days from the date the complaint was filed or the underlying action will be dismissed if “the party on whose behalf such service was required cannot show good cause why such service was not made within that period.” Mass.R.Civ.P. 4(j). “Good cause” is a stringent standard requiring diligent, albeit unsuccessful, effort to complete service within the period prescribed by the rule." Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 311 (1998), citing Shuman v. Stanley Works, 30 Mass.App.Ct. 951, 953 (1991). The focus of a “good cause” inquiry is “the reasonableness and diligence of counsel’s effort to effect service.” Carrigan at 312. Inquiries into the lack of prejudice resulting from faulty service are irrelevant in determining whether good cause exists. Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26-27 (1992).
Applying these principles to the instant matter, the Court concludes that on the specific facts of this case there was sufficient good cause to justify the Reardons serving Spangler at Haywood Hospital. This is not a case as in Hull where there was no attempt at service within the rule, nor even Carrigan, where lengthy periods of inactivity served as a prelude to a flurry of last minute attempts to effect service. The Reardons filed their complaint and set about attempting to serve process in a forthright, timely manner. They did not stop trying to do so when they met obstacles. Failure to serve Spangler in hand led to more attempts to do so. In addition, constables attempted to locate both a home address for Spangler and some alternate business address where personal service could be made. The question is whether these steps, even though unsuccessful, were sufficiently diligent and reasonable to support the conclusion that plaintiffs had good cause not to effect service in strict compliance with the rule.
Neither the rule nor the case law demands that all possible avenues of completing service must be exhausted prior to finding that good cause exists to complete service in another manner. Plaintiffs are not held to such an exacting standard, although the more they do to make proper service the better their showing of good cause. Alternatively, a mere good faith effort may not be sufficient to show that a plaintiff was reasonably diligent in effecting service. That standard would excuse compliance with the Rule even if the plaintiff made no further inquiries or efforts to serve process. In this matter the Reardons’ attempts to serve Spangler were at a level between simple good faith effort and exhausting all possible avenues of inquiry. The Court concludes only that, on the specific facts of this case, the Reardons made reasonable and diligent efforts sufficient to demonstrate that good cause existed to make service of process in the manner they did.

ORDER

For the foregoing reasons, defendant Richard L. Spangler’s motion to dismiss pursuant to Mass.R.Civ.P. 4(j) is DENIED. Service of process may be made within thirty (30) days from the date of this Order.