Botsford, J.
INTRODUCTION
This is an action for legal malpractice. The defendant John McDonough has moved to dismiss the complaint for failure to comply with the time-of-service requirements of Mass.R.Civ.P. 4(j). For the reasons discussed below, the motion is allowed without prejudice.
BACKGROUND
From the allegations of the complaint, which are taken as true for purposes of this motion, one learns the following. The defendants John McDonough and Anne McDonough previously represented the plaintiffs, John Bowen and Delores Bowen, in a personal injury action involving an elevator accident. The defendants brought suit on the Bowens’ behalf in 1993 in Essex Superior Court; the action was styled Bowen v. Max Sontz Co., Essex Superior Court, Civil Action No. 93-0684. OnApril 12, 1995, during the trial of that case, the court directed a verdict in favor of the defendant company. No appeal was taken. In their complaint in the current action, the Bowens allege that the directed verdict and lack of appeal from the judgment in the earlier case were the result of the McDonoughs’ malpractice.
The complaint in this case was filed on April 10, 1998. The defendant John McDonough was served with the summons and complaint on July 17, 1998, eight days after the 90 day deadline of July 9, 1998 imposed by Mass.R.Civ.P. 4(j).[3]
In opposition to John McDonough’s motion to dismiss, the plaintiffs here have filed an affidavit of their new counsel, Karl F. Stammen, Jr., Esquire. In that affidavit, counsel states that he believed John McDonough had two addresses — it appears, two business addresses — but ultimately decided to attempt to serve John McDonough at the Quincy address. He then attempted to deliver the summons and a copy of the complaint to the Norfolk County deputy sheriffs office, but, it turns out, unbeknownst to him, the office had moved from the address listed in the 1998 Lawyer’s Diary, his source of information. The affidavit also states that due to the deputy sheriffs move and due to his new secretary's unfamiliarity with his diary system, he did not learn of the lack of service on John *361 McDonough until July 16, 1998, a week after the 90-day period ran from the date the complaint was filed. Counsel then acted quickly, and service on John McDonough was effected on July 17, 1998. The plaintiffs have also filed a motion pursuant to Mass.R.Civ.P. 6(b) to enlarge the time period for serving the complaint on John McDonough.
DISCUSSION
The text of Mass.R.Civ.P. 4(j) reads as follows:
Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Rule 4(j) is subject to strict interpretation. Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 311-12 (1998). The only exception to the somewhat draconian penalty of dismissal mandated by this rule is a showing of “good cause." While the rule does not define good cause, the single example cited in the legislative history — and the single one mentioned in Massachusetts appellate cases — is a defendant’s deliberate attempts to evade service. Id., at 312; Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991), quoting Wei v. State, 763 F.2d 370, 371 (9th Cir. 1985). See Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir. 1987). See also City v. Rotcajg, Civil Action No. 97-5277-E, 8 Mass. L. Rptr. 255 (Suffolk Superior Court February 23, 1998).
The Appeals Court’s recent decision in Commissioner of Revenue v. Carrigan, supra, governs the disposition of the defendant’s motion. That case makes clear that even where, as here, service is effected very shortly after expiration of the Rule 4(j) period, that factor is not itself significant. See Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. at 312 n.4. Rather, what matters is “how reasonable the delay is in the context of the overall circumstances and, in particular, the reasonableness and diligence of the plaintiffs efforts to effect service in a timely manner.” Id. The affidavit filed by the plaintiffs’ counsel shows inadvertence on his part. Inadvertence by counsel does not constitute good cause. See id. at 313.[4]
While the result of this rule is harsh, particularly in light of the nature of the complaint here, the purpose of the rule is to avoid the types of delays illustrated by the present case. A dismissal, even without prejudice, sometimes results in the passage of a statute of limitations period. “This will, of course, sometimes be the inevitable consequence of such a dismissal. It does not prevent the operation of rule 4(j), much less provide a basis of a finding of good cause for the failure to make service.” Hull v. Attleboro Sav. Bank, 33 Mass.App.Ct. 18, 27 (1992).
Plaintiffs argue that Rule 4(j) must be construed in connection with Rule 6(b), which permits a party to pursue an extension of an already-expired time limit. The Carrigan decision also defeats this claim: “(t]he [plaintiff] also sought an extension under rule 6(b). .. This does not alter our analysis since the [plaintiff] is not thereby relieved of his burden of showing good cause under rule 4(]).” Commissioner of Revenue v. Carrigan, supra, 45 Mass.App.Ct. at 314 n. 5, citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985). In other words, amotion under Rule 6(b) to enlarge time for service, when filed after expiration of the 90 day period prescribed by Rule 4(j), will not be allowed unless the plaintiff satisfies the good cause requirement of Rule 4(j). The plaintiffs have not done so here.
ORDER
For the foregoing reasons, it is hereby ORDERED that the complaint against the defendant John McDonough be dismissed without prejudice.

 The defendant Anne McDonough, who is represented by separate counsel, has not joined in this motion to dismiss. It appears from the complaint in this case that John McDonough and Anne McDonough practice law together as McDonough and McDonough with offices in Quincy.

 The Appeals Court there observed: “[w]hile the Commissioner directs our attention to the flurry of correspondence he engaged in as evidence of his diligence and reasonable efforts at service, closer scrutiny reveals that the failure to serve Carrigan timely was due to inadvertence of counsel and half-hearted efforts . . . Such inadvertence does not constitute good cause.” Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 313 (1998) (citations omitted).