Lauriat, J.
Defendant Motors Holding Massbay Automotive Corporation (“Massbay”) has moved to dismiss the Second Amended Complaint filed by Arthur Plotkin (“Plotkin”) on the ground of insufficient service of'process, pursuant to Mass.R.Civ.P. 12(b)(5), because Plotkin failed to serve Massbay within the time required by Mass.R.Civ.P. 4(j) and 6(b). For the following reasons, Massbay’s motion to dismiss is allowed.
BACKGROUND
Plotkin filed a Complaint in this action on July 20, 2001, alleging negligent maintenance of property. The Complaint named Gregg Wilson, as Trustee of 700 Broadway Realty Trust of Malden, Massachusetts, Smyly Buick of Malden, Massachusetts, and General Motors Holding Corporation (“GMHC”) of Detroit, Michigan, as defendants. Plotkin attempted to serve GMHC three times within the first ninety days after the filing of his complaint, as required by Mass.R.Civ.P. 4(j), but was unsuccessful. The last date Plotkin attempted to make service upon GMHC was August 17, 2001.
On October 22, 2001, Plotkin filed an Amended Complaint eliminating Wilson and Smyly Buick as defendants and adding Smyly Realty Limited Partnership as a defendant. In or about December 2001, Plotkin learned that the correct name of the GMHC defendant was Massbay, a subsidiary of General Motors, also located in Detroit, Michigan. On January 2, 2002, Plotkin filed Plaintiffs Motion to Amend Complaint, together with a Second Amended Complaint in which he eliminated GMHC and added Massbay as a defendant. On January 2, 2002, Plotkin also filed Plaintiffs Motion to Extend Period for Service of Process Under Mass.R.Civ.P. 40), in order to perfect service of process on Massbay. The court allowed Plotkin’s motions after Plotkin represented to the court that he finally knew of the correct defendant upon whom to serve process in this case.
On April 10, 2002, 98 days after the court allowed Plotkin’s request for an extension of service of process, he finally served Massbay.
DISCUSSION
MassR.Civ.P. 40) requires service of the summons and complaint upon the defendant within ninety days after the filing of the complaint. If service is not completed and the plaintiff cannot demonstrate good cause why such service was not made, the court must dismiss the complaint without prejudice. Mass.R.Civ.P. 40). Good cause is “ ‘a stringent standard requiring diligent’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992), quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D.La. 1985). This burden is upon the plaintiff to show good cause why service was not completed within the ninety days. See Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991).
Instead of showing “good cause” under Mass.R.Civ.P. 40), the plaintiff may ask the court for an extension or enlargement of time “for cause” as long as the request is made before the expiration of the period originally prescribed. Mass.R.Civ.P. 6(b)(1).[1] Finally, the plaintiff may, after the expiration of the period originally prescribed, seek an extension of time if his failure to act within the prescribed time was due to excusable neglect. Mass.RCiv.P. 6(b)(2). Excusable neglect “means that a party’s failure to act within required time periods under one or another of the rules is the result of a reasonable excuse.” Motta v. Schmidt Mfg. Corp., 41 Mass.App.Ct. 785, 791 (1996).
The purpose of these rules are “to force plaintiffs’ (more realistically their lawyers’) diligence in order to preserve causes of action against limitation problems.” Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 312 (1998), quoting Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476, 477 (N.D.Ill. 1984). Furthermore, these rules “seek to promote orderly and timely submissions in civil matters.” Motta, 41 Mass.App.Ct. at 791.
Plotkin’s delays in serving Massbay have disrupted the timely order required by both MassR.Civ.P. 40) and 6(b). More importantly, Plotkin’s delays have extended beyond mere excusable neglect. When the court granted Plotkiris motion for an extension of time on January 2, 2002, it implicitly recognized Plotkin’s initial delay as excusable neglect because of his stated difficulty in identifying the correct defendant. However, by January 2, 2002, Plotkin represented to this court that he had identified the correct defendant to serve. Yet he failed to make service on the correctly identified defendant for another 98 days, although he has offered no facts to suggest that he had further difficulties in serving Massbay during that period.
The only excuse Plotkin has offered for not serving Massbay within ninety days after the court-approved extension of time is that there was no deadline stated in the court’s Order and there was no deadline provided for in Mass.R.Civ.P. 6(b). While this may be *295 accurate, the court expected that service would be within a reasonable time, and that any reasonable parly knowing the true identity and location of the defendant would have promptly served that defendant with process. Plotkin’s service of process upon Massbay beyond a second ninety-day period is clearly unreasonable and there is no viable reason for his neglect. Therefore, pursuant to MassR.Civ.P. 4(j), Plotkin’s Second Amended Complaint against Massbay must be dismissed without prejudice.
ORDER
For the foregoing reasons, Defendant’s Motion to Dismiss is ALLOWED without prejudice.

In the present case, Plotkin did not seek an extension of time to perfect service within the ninety-day period prescribed by Rule 4(j). Thus, the benefit of Rule 6(b)(1) is unavailable to him.