McCann, J.
On January 9, 2003, plaintiff Ms. Johnson filed a complaint alleging medical malpractice against the defendant, Dr. Maynard. This matter is before the court on Dr. Maynard’s motion to dismiss, or in the alternative, for summary judgment. This court considers the motion a motion to dismiss under Mass.R.Civ.P. 12(b)(5) and 4(j). For the reasons discussed below, the defendant’s motion to dismiss is DENIED.
BACKGROUND
Ms. Johnson’s complaint was filed on January 9, 2003. The deadline for the plaintiffs service of process upon the defendant was April 9, 2003. Ms. Johnson’s counsel did not attempt to serve Dr. Maynard before April 9, 2003. On September 2, 2003, Ms. Johnson’s counsel submitted a Motion to Amend the Tracking Order, pursuant to Mass.R.Civ.P. 6(b)(2), which was allowed on September 5, 2003. The new deadline for service of process upon Dr. Maynard was November 1, 2003. The complaint was served upon Dr. Maynard in early October 2003.
Dr. Maynard alleges that the complaint should be dismissed because it was served upon him after the deadline imposed by Mass.R.Civ.P. 4(j) and Standing Order 1-88 without “good cause” for the delay. Ms. Johnson alleges that the complaint was properly served according to the extended deadline allowed by the court under Mass.R.Civ.P. 6(b)(2).
DISCUSSION
Massachusetts Rule of Civil Procedure 4(j) requires plaintiffs to serve a copy of the complaint and summons upon each of the named defendants within 90 days after the filing of the complaint. Rule 4(j) further states that if the plaintiff “cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.”
The “good cause” standard has been described as “ ‘a stringent standard requiring diligent’ albeit unsuccessful effort to complete service within the period prescribed by the rule.” Commissioner of Revenue v. Corrigan, 45 Mass.App.Ct. 309, 311-12 (1998), citing Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991) (internal citations omitted). Mass.R.Civ.P. 6(b) governs the court’s discretion in granting allowances of time extensions. The relevant portion of Mass.R.Civ.P. 6(b) states:
Enlargement. When by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
Thus, any harshness of the consequences to a plaintiff for failure to timely serve a defendant under Mass.R.Civ.P. 4(1) are mitigated by the liberal time extensions available to the plaintiff under Mass.R.Civ.P. 6(b). Carrigan, 45 Mass.App.Ct. at 312 (1998).
Dr. Maynard makes the following arguments in support of his motion to dismiss: (1) Ms. Johnson’s (or her counsel’s) unexplained failure to attempt service at any time during the 90-day period constitutes inadvertence, which does not rise to the requisite level of “good cause” under Rule 4(j); (2) neither the lack of prejudice to Dr. Maynard nor the fact that Ms. Johnson’s claim will be time-barred by a dismissal of this action are relevant considerations given that the underlying policy of Rule 4(j) is to promote efficient movement of civil actions through the courts; (3) the prior allowance of Ms. Johnson’s Rule 6(b)(2) Motion to Amend the Tracking Order, which gave her an extension of time in which to complete service of process upon Dr. Maynard, does not negate Ms. Johnson’s obligation to satisfy the good cause standard under Rule 4(j); and (4) inadvertence of counsel does not satisfy Rule 6(b) (2)’s “excusable neglect” standard.
While Dr. Maynard is correct that inadvertence of counsel satisfies neither the Rule 4(j) “good cause” standard nor the Rule 6(b)(2) “excusable neglect” standard (Carrigan, 45 Mass.App.Ct. at 313; Geiger v. *348 Allen, 850 F.2d 330, 333 (7th Cir. 1988); Gordon v. Hunt, 116 F.R.D. 313, 320 (S.D.N.Y. 1987)); and that potential prejudice to the plaintiff and lack of prejudice to the defendant should not be considerations when ruling on a motion to dismiss under Rule 4(j) (Hull v. Attleboro Sav. Bank, 33 Mass.App.Ct. 18, 26-27 (1992); Shuman, 30 Mass.App.Ct. at 954), a court nonetheless gave Ms. Johnson a time extension to complete service by allowing her Motion to Amend the Tracking Order. Under Rule 6(b), a court has discretion to extend time to complete service of process. Ms. Johnson complied with the extended deadline before Dr. Maynard filed his motion to dismiss. This court cannot disregard the prior court’s allowance of the Motion to Amend the Tracking Order simply because the instant motion to dismiss has been filed. However, this court will address one argument raised by Dr. Maynard since it would, if correct, entitle his motion to be considered regardless of the prior allowance of Ms. Johnson’s motion.
Dr. Maynard argues that, notwithstanding the prior allowance of the Rule 6(b)(2) motion, Ms. Johnson still must satisfy the “good cause” standard under Rule 4(j), citing in support of this argument, Winters v. Teledyne Movible OffShore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985); Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 314 n.5 (1998); Bratica v. Miller, 2000 Mass.Super.LEXIS 54;[1] and Bowen v. McDonough, 1998 Mass.Super.LEXIS 602, 9 Mass. L. Rptr. 360.
In Winters v. Teledyne Movible OffShore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985), the plaintiff intentionally did not serve a copy of the complaint upon the defendant because the plaintiff was under the mistaken idea that service of process was unnecessary for reasons not relevant here. The Winters defendant coincidentally discovered it was subject to suit and moved to dismiss pursuant to Rule 4(j). Contrary to the case at bar, the plaintiff in Winters did not at any time file a Rule 6(b) motion, no time extension had been granted before the motion to dismiss was heard, and the case was therefore properly considered on a motion to dismiss under the Rule 4(j) standard. The Winters case is therefore readily distinguishable from this matter. Furthermore, the Winters case does not support Dr. Maynard’s argument that both “excusable neglect” and “good cause” must be shown by Ms. Johnson. In fact, Winters states merely that, “[presumably the 120-day period could be extended by the . . . court ‘in its discretion’ under Fed.R.Civ.P. 6(b) ‘for cause shown’ [emphasis added] but if the extension were requested after the 120 days, a . . . showing ... ‘of excusable neglect’ would also be required.” Winters, 776 F.2d at 1305. This quoted section does not state that a “good cause” showing would be required; it states merely that “for cause shown,” a lower standard that “good cause,” is required. Id.
The facts in Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 314 n.5 (1998), are also distinguishable from the matter at bar. In Carrigan, the defendant filed a motion to dismiss on Rule 4(j) grounds before the plaintiff filed a motion for an extension under Rule 6(b), and the court denied the Rule 6(b) motion. Therefore, the Carrigan court appropriately reviewed the case under Rule 4(j) and found the plaintiff had failed to meet the “good cause” standard. While it is correct that the Carrigan court disregarded the plaintiffs Rule 6(b) motion, it did so because the Rule 6(b) motion was brought nunc pro tunc after the motion to dismiss was filed and there was no “good cause” showing sufficient to satisfy the delay in service under Rule 4(j).
In Bowen v. McDonough, 9 Mass. L. Rptr. 360 (Middlesex Super. Ct. Nov. 4, 1998) (Botsford, J.), the plaintiff served the defendant eight days past the Rule 4(j) deadline, the defendant filed a motion to dismiss on Rule 4(j) grounds, and the plaintiff thereafter filed a Rule 6(b) motion, arguing that “Rule 4(j) must be construed with Rule 6(b) . . .” Id. at 6. Relying on Carrigan and Winters, the Bowen court states, “a motion under Rule 6(b) to enlarge time for service, when filed after expiration of the 90 day period prescribed by Rule 4(j), will not be allowed unless the plaintiff satisfies the good cause requirement of Rule 4(j).” Bowen, 9 Mass. L. Rptr. 360 at 6. As this court has already explained, the Carrigan rationale for requiring the plaintiff to satisfy the “good cause” standard was grounded on the fact that the defendant’s motion to dismiss under Rule 4(j) had preceded the plaintiffs Rule 6(b) motion. That fact scenario was also present in Bowen. It is not present in this case. Thus, Bowen does not support Dr. Maynard’s argument.
It is well-established that the harshness of Rule 4(j) is mitigated by the availabiliiy of Rule 6(b) to plaintiffs who meet either the “for cause shown” standard under Rule 6(b)(1) or the “excusable neglect” standard for late filers under Rule 6(b)(2). Carrigan, 45 Mass.App.Ct. at 312, citing Burks v. Griffith, 100 F.R.D. 491, 192 (N.D.N.Y. 1984). It stands to reason that where a plaintiffs Rule 6(b)(2) motion is allowed, as it was in this case, she would not enjoy its mitigating effects if she also had to satisfy the “good cause” standard of Rule 4(j).
For the foregoing reasons, Dr. Maynard’s motion to dismiss the complaint pursuant to Rule 4(j) must be denied.
ORDER
It is therefore ORDERED that defendant’s motion to dismiss complaint, pursuant to Mass.R.Civ.P. 4(j), be DENIED.

The defendant alleges that certain language appears in Bratica v. Miller, 2000 Mass.Super. LEXIS 54, in support of his argument and quotes that alleged language in his Memorandum of Law. This court is unable to find the quoted language in Bratica and further finds the case distinguishable due to the fact that there was no Rule 6(b) filing at issue in that case.