Agnes, A.J.
I.INTRODUCTION
In this civil action, the plaintiff Daniel Bruneile (“plaintiff’) seeks damages for personal injuries allegedly caused as a result of the dental negligence of defendant Richard Blaise (“defendant”). The question before the court is whether or not it was appropriate for this court to allow the plaintiffs motion to extend time in which to perfect service. The essential facts are not in dispute.
II. BACKGROUND
The plaintiffs complaint was filed on May 12, 2004. Under Mass.R.Civ.P. 4(j), service of the summons and complaint on the defendant must be made within 90 days of the filing of the complaint or by August 10, 2004. On August 16, 2004, the plaintiff filed amotion to extend the time in which to perfect service. The plaintiff maintained that “(d]ue to clerical error in plaintiffs counsel’s office, service was not perfected within the time set forth in the tracking order.” Plaintiffs Motion to Extend Time to Perfect Service. The court allowed the plaintiffs motion on August 18, 2004. Once the defendant became aware that service was made outside of the 90 days permitted by Rule 4(j), he promptly served the plaintiff with a motion to dismiss by following the procedure required by Superior Court Rule 9A. Due to the delay occasioned by the Rule 9A procedure, the court did not become aware of the defendant’s motion to dismiss and his opposition to the plaintiffs motion for an extension until after it allowed the plaintiffs motion.
III. DISCUSSION
A
Mass.R.Civ.P. 4(j) provides, in part, that if service is not made within 90 days of filing the complaint with the court “and the parly on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative . . .” The defendant argues that the “good cause” standard is a strict standard “requiring diligent albeit unsuccessful effort to complete service within the prescribed period.” Defendant’s Motion at 2, quoting Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992). See also Shuman v. The Stanley Works, 30 Mass.App.Ct. 951, 953 (1991) (good cause not established in circumstances in which counsel’s first attempt at service made on day 82 and service not effected for 171 days after complaint filed).
The plaintiff, on the other hand, counters by arguing that the controlling authority is not Rule 4(j), but rather Rule 6(b). Under Mass.R.Civ.P. 6(b), when notice is required to be done within a specified time, “the court for cause shown may . . .” “upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ...” “Excusable neglect” means that “a party’s failure to act within required time periods under one or another of the rules is the result of a reasonable excuse.” Motta v. Schmidt Mfg. Corp., 41 Mass.App.Ct. 785, 791 (1996). See also Bell v. Heinhold, 2004 WL 1109630, Worcester Superior Court No. 2003-0333 (Fecteau, J.) (there was no “excusable neglect” in a case in which an affidavit required to be filed by G.L.c. 231, §60J was submitted one year after the deadline; excusable neglect means something other than garden variety neglect). The *557 “excusable neglect” standard of Rule 6(b), by its own terms, does not apply to motions under Rules 50(b), 59(b), (d) and (e) and Rule 60(f). There is no reference in Rule 6(b) to motions under Rule 4(j). Therefore, the question is when a motion to extend the time in which to perfect service is filed is it governed by the “good cause” requirement of Rule 4(j) or the “excusable neglect” standard of Rule 6(b).
In Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 312 (1998), the Appeals Court considered whether the trial judge had erred in denying the defendant’s motion to dismiss for failure to comply with the requirements of Mass.R.Civ.P. 4(j). In Carrigan, the plaintiff did not make service until the 94th day after filing. In the interim, the Attorney General, counsel for the plaintiff, was made aware that the defendant was a Florida resident and that the defendant’s local Massachusetts counsel would not accept service on the defendant’s behalf.[1] The trial judge made no finding that the plaintiff had met his burden of demonstrating “good cause.” The Appeals Court looked to precedents construing the corresponding federal rule which at that time was identical to the Massachusetts rule except that it allowed 120 days for service instead of 90 days. The court considered the reasonableness of the efforts made by the plaintiff to be the paramount factor, and the lack of prejudice to the defendant to be of little, if any, significance. Based on the facts including the plaintiffs knowledge that the defendant through local counsel claimed within a month of the filing of the complaint to have residence only in Florida and within two months to have knowledge that a mailing sent to Florida had been returned unclaimed, the court concluded that the failure to serve the plaintiff in a timely manner “was due to inadvertence and half-hearted efforts,” Carrigan, supra, 45 Mass.App.Ct. 309, and for that reason reversed the decision by the trial judge. See also McIssac v. Cedergren, 54 Mass.App.Ct. 607 (2002) (upholding decision by the trial judge who denied a motion to vacate the dismissal of a personal injury action on grounds that waiting a full year after the dismissal to contend that the offending lawyer’s secretary had “sabotaged” his legal practice was egregious inattention and not excusable neglect).
B
Since the decision in Carrigan, this court has had occasion to consider several cases involving the interplay between Mass.R.Civ.P. 4(j) and Mass.R.Civ.P. 6(b). In Bowen v. McDonough, 9 Mass. L. Rptr. 360, Middlesex Superior Court No. 981728 (Nov. 4, 1998) (Botsford, J.), the defendants in a malpractice case were served with the summons and complaint eight days after the ninety-day deadline established by Mass.R.Civ.P. 4(j). The defendants responded with a motion to dismiss. The plaintiffs countered with a motion to enlarge the time in which to make service under Mass.R.Civ.P. 6(b) supported by an affidavit of counsel explaining that service was delayed because the Sheriffs office moved from their prior location and counsel relied on the address for the Sheriffs office that appeared in the current issue of Massachusetts Lawyers Diary. In Bowen, in allowing the motion to dismiss, this court observed that it was significant and controlling in the interpretation of rule 4(j) that the only example given in the legislative history is a case involving the defendant’s deliberate attempt to evade service. The court relied on the decision by the Appeals Court in Carrigan, supra, in noting that prompt service after the expiration of the 90 days is not dispositive. Rather, the court concluded that the principal factor was whether counsel was diligent in attempting to make service in a timely manner. Furthermore, relying on Carrigan, supra, this court reasoned that when service is made outside the 90-day period a motion to enlarge the time in which to complete service filed under Mass.R.Civ.P. 6(b) will not be allowed unless it meets the requirements of rule 4(j).
In Plotkin v. Smyly Reality Ltd. Partnership, Middlesex Superior Court No. 01-3121 (Oct. 8, 2002) (Lauriat, J.) (15 Mass. L. Rptr. 294), this court allowed a motion to dismiss the complaint under Mass.R.Civ.P. 4(j) in a case in which the plaintiff obtained a rule 4(j) enlargement of time in which to make service before the initial 90-day period had expired on grounds that there had been a problem in locating the address of a defendant, but then failed to make service until 98 days later. The court noted that the delay in completing service “extended beyond mere excusable neglect.” Id. The court rejected the plaintiffs argument that there is no deadline contained in Rule 6(b), and it must be understood, in the absence of a specific court order to the contrary, to require service within a reasonable period of time after an enlargement of the 90-day period set forth in Rule 4(j).
In Johnson v. Maynard, Worcester Superior Court No. 2003-00065 (Feb. 17, 2004) (McCann, J.) (17 Mass. L. Rptr. 347), this court faced a slightly different situation. In Johnson, the plaintiff filed a motion under Mass.R.Civ.P. 6(b) to enlarge the time in which to complete service about five months after the 90-day period expired. The motion was allowed and service was completed in a timely manner. The defendant then filed a motion to dismiss on grounds that the plaintiff had failed to comply with the “good cause” requirement of Mass.R.Civ.P. 4(j). The motion judge alluded to the fact that another judge had already allowed a motion to enlarge time under rule 6(b). The court distinguished Carrigan on grounds that in that case the Rule 6(b) motion to enlarge time was not filed until after the Rule 4(j) motion to dismiss, and, in any case, there was no showing of “good cause.” Likewise, the court distinguished Bowen on grounds that there the motion to dismiss also preceded the motion to enlarge time under rule 6(b).
*558 C
The relationship between and the interpretation of Mass.R.Civ.P. 4(j) and Mass.R.Civ.P. 6(b), in terms of the time in which to complete service of the summons and complaint, is of great importance to the bar. The outcome of competing claims for an enlargement of time in which to make service under Mass.R.Civ.P. 6(b) and a motion to dismiss based on Mass.R.Civ.P. 4(j) are often dispositive even though a dismissal is without prejudice because the statute of limitations will have run. Because the standard of review on appeal is abuse of discretion, the decisions of trial judges in these cases will most often be final. Thus, it is important to examine the applicable authorities in some detail.
The starting point in such an analysis is recognition that “(t]he Massachusetts Rules of Civil Procedure are designed to simplify civil practice in the Commonwealth and are to be interpreted so as to secure the ‘just, speedy, and inexpensive determination of every action. Mass.R.Civ.P. 1.’ Giacobbe v. First Coolidge Corp., 367 Mass. 309, 315 (1975). Gilmore v. Gilmore, 369 Mass. 598, 602 (1976).” Guardianship of Bassett, 7 Mass.App.Ct. 56, 66 (1979). And, it must be noted that procedural rules such as these should be understood and applied to “facilitate adjudication on the merits” so long as that does not come at the expense of fairness to one or more of the parties. See Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass.App.Ct. 570, 574 (1993).
1
When, as in this case, a party files a motion to enlarge the time in which to complete service under Mass.R.Civ.P. 6(b)(2) after the expiration of the 90 days permitted by Mass.RCiv.P. 4(j), the first question that arises is whether the moving party must satisfy the “good cause” requirement of Rule 4(j) as well as the “excusable neglect” standard of rule 6(b)(2). This, in turn, raises the question of the relationship between the requirement of “excusable neglect” in rule 6(b)(2) and “good cause” in rule 4(j). If the reason for the failure to complete service involves a failure by someone other than the plaintiff [e.g., negligence on the part of the process server, willful evasive action taken by the defendant etc.), it makes no sense to demand that the moving party demonstrate “excusable neglect.” See Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 231 (7th Cir. 1990); Scarpa v. Murphy, 782 F.2d 300 (1st Cir. 1986). The question of this relationship has led courts to reach differing and inconsistent results. Some courts simply equate the two concepts. See, e.g., MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995). Other courts take the position that “excusable neglect” is a more demanding standard than “good cause.” Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 909-10 (7th Cir. 1989); Oregon v. Champion Int’l Group, 680 F.2d 1300 (9th Cir. 1982) (per curiam). Compare, Old Colony Bank and Trust Company, 10 Mass.App.Ct. 825 (1980) (rescript). Finally, courts have expressed the view that “good cause” is a more demanding standard than “excusable neglect” even though it will only rarefy come into play. See Lorenzen v. Employees Retirement Plan, supra at 231-32 (7th Cir. 1990).
The most sensible approach is to recognize that there is a complementary relationship between good cause" and “excusable neglect” in this context, and that the former standard is more appropriate to employ when the failure to complete service results from a cause that is beyond the direct control of counsel for the moving party, while the latter standard governs situations in which counsel for the moving party has neglected his or her responsibilities. This is consistent with the analysis employed under Fed.R.App.P. 4 which, as a result of the 1979 amendment, permits the trial court to extend the time for filing the notice of appeal upon a showing of “good faith or excusable neglect.” Compare Mass.R.App.P. 4(c) (permitting an enlargement of time solely upon a showing of “excusable neglect”). See Mirpuri v. ACT Manufacturing, Inc., 212 F.3d 624, 630 (1st Cir. 2000), citing Scarpa v. Murphy, 782 F.2d 300 (1st Cir. 1986) (suggesting that “good cause” under Fed.R.Civ.P. 4 and “excusable neglect” under Fed.R.Civ.P. 6 are essentially equivalent and are intended to complement each other).[2]
2
The second question is whether there is a fixed rule that governs the determination of whether there has been a showing of “good cause” or “excusable neglect.” In this regard it is important to appreciate that rules 4(j) and 6(b) call for an application of equitable principles and a consideration of all the circumstance surrounding the failure to complete service. See Raymond v. IBM Corp., 148 F.3d 63, 66 (2d Cir. 1998), quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 395 (1993). Courts therefore should be cautious about making global pronouncements about what does or does not constitute “good faith” or “excusable neglect.”
Based on the prior precedents of our appellate courts, the several decisions of this court and decisions of federal courts interpreting the same language that appears in our rules in the context of the federal rules,[3] the following principles emerge;
(1) Enlargements before the 90 days expires. Before the 90 days within which service of the summons and complaint must be made under Mass.R.Civ.P. 4(j) or any period of extension beyond the 90 days previously allowed by the court, a party may obtain an enlargement of time upon a showing of cause. Mass.R.Civ.P. 6(b)(1). The trial judge is called upon to exercise discretion. See Giacobbe v. First Coolidge Corp., 367 Mass. 309, 317 (1975). No notice is required to be given to the other side and the extension may be *559 granted without motion. Mass.R.Civ.P. 6(b)(1). In practice, this norm is usually satisfied by a showing of good faith and lack of prejudice to the adverse party."[4] Smith & Zobel, Rules Practice §6.3 (6 Mass. Practice 1974). Commentators assessing the caselaw interpreting the corresponding federal rule describe the discretion as “wide” and the burden on the party seeking the extension as limited to showing “some justification” for the extension. 4B Wright & Miller, Federal Practice and Procedure §1165 at 520, 521 (2002).
(2) Enlargements after the 90 days expires. After the expiration of the 90 days within which service of the summons and complaint must be made under Mass.R.Civ.P. 4(j) or any period of extension beyond the 90 days previously allowed by the court, a party may obtain an enlargement of the time in which to complete service only upon a showing of excusable neglect. Mass.R.Civ.P. 6(b)(2). When the reason for the failure to make service is due to causes over which the moving party had no direct control, it is appropriate to employ the “good cause” standard from rule 4(j) which calls for an equivalent showing.
In this situation, where the 90 days in which to make service has lapsed without an extension of time, the court is still authorized to exercise discretion. See, e.g., Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576 (1st Cir. 1994). See generally Wright & Miller, supra § 1165 at 529 n. 12 et seq. However, the parameters of the court’s discretion in acting on motions under Rule 6(b)(2) are different from the parameters applicable to motions under Rule 6(b)(1). Smith & Zobel, Rules Practice, supra §6.4. The language of the rule makes this apparent. The request for relief under Rule 6(b)(2) motion, unlike the Rule 6(b)(1) motion must be presented by motion and thus must involve notice to the other party and state with particularity the grounds it is based upon. Smith & Zobel, supra, citing Mass.R.Civ.P. 7(b)(1).
“Excusable neglect ‘for cause shown’ under Rule 6(b) necessarily means that a party’s failure to act within required time periods under one or another of the rules is the result of a reasonable excuse.” Motta v. Schmidt Manufacturing Corporation, 41 Mass.App.Ct. 785, 791 (1996) (upholding the trial judge’s dismissal of a complaint for failure of the plaintiffs administratrix to seek timely substitution of herself as the party plaintiff for more than 2 years after the 1-year period allowed by Mass.R.Civ.P. 25(a)(1)). Excusable neglect requires more than a demonstration of simple good faith.
Perhaps the leading case on the meaning of “excusable neglect” in the context of the rules of civil procedure is Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership, 507 U.S. 380 (1993). In Pioneer, supra, the Supreme Court held that, under Bankruptcy Rule 9006(b)(1), neglect “encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.” Id. at 388. Although Pioneer arose in the bankruptcy context, it established a four-part test for determining whether the moving party has established “excusable neglect” that is generally applicable to motions to enlarge under Fed.R.Civ.P 6(b) and by analogy to Mass.R.Civ.P. 6(b). See United States v. Hooper, 9 F.3d 257, 259 (2d Cir. 1993). Under the Pioneer analysis, “excusable neglect” is to be determined by a consideration of (1) whether there was any prejudice, (2) the length of the delay, (3) the reason for the delay, and (4) whether the moving party acted in good faith. Id., 507 U.S. at 395. While the failure to meet a deadline due to the inadvertence or inattention of counsel is generally regarded as inexcusable, the United States Supreme Court underscored the essentially discretionary and equitable nature of the inquiry that trial judges must make by expressly noting that “excusable neglect” under Rule 6(b) is a somewhat “elastic concept” and is not limited strictly to omissions caused by circumstances beyond the control of the movant. See Pioneer, supra, 507 U.S. at 391-92. Thus, the failure to make service within the time allowed by rule 4 due to the inadvertence or inattention of counsel may constitute “excusable neglect” justifying an enlargement of time under rule 6(b). See Raymond v. IBM Corp., 148 F.3d 63 (2d Cir. 1998). Furthermore, there is no requirement in rule 6(b) that the moving party must have actually attempted service within the original 90-day period in order to establish “excusable neglect.”[5] See also Pincay v. Andrews, 2004 WL 2579440 (9th Cir. 2004) (en banc) (allowing a motion for an enlargement of time in which to file a notice of appeal under Fed.R.App.P. 4(a)(1)(A) based on “excusable neglect” in the form of a lawyer’s misreading of the rule).
3
In the present case, plaintiffs counsel moved to enlarge the time within 6 days after the expiration of the 90-day period. There is no evidence that the plaintiff did not act at all times in good faith. There is no evidence that the plaintiff did not act diligently once the mistake was discovered. Counsel for the plaintiff gave as the reason for the failure “unexpected staffing changes within plaintiffs counsel’s office.” Plaintiffs Opposition at 1. The defendant does not challenge the accuracy of this statement. This was a reasonable excuse. The defendant points to no prejudice that he has suffered. Under these circumstances, and in the exercise of this court’s discretion, it was appropriate to enlarge the time in which to complete service.
ORDER
For the above reasons, the defendant’s motions to dismiss (paper no. 6) and his motion to vacate (paper no. 7) are DENIED, and the earlier order of this court allowing the plaintiffs motion to enlarge the time in which to make service is AFFIRMED.

In Corrigan, supra, the Appeals Court explains that the plaintiff did not seek relief under Mass.R.Civ.P. 6(b) (permit *560 ting an enlargement of time in which to make service or late service upon a showing of “excusable neglect”) until eight months later when it filed a motion “nunc pro tunc.” This motion was denied. The court added that “[t]his does not alter our analysis since the Commissioner is not thereby relieved of his burden of showing good cause under rule 4(j).” Id., 45 Mass.App.Ct. at 314 n.5.

This view also is consistent with the approach taken by the Appeals Court in Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309, 314 n.5 (1998), that there is a complementary relationship between “good cause” under rule 4(j) and “excusable neglect” under rule 6(b)(2).

The Supreme Judicial Court has observed that the Massachusetts Rules of Civil Procedure should be interpreted to conform to the meaning ascribed to the corresponding federal rules “absent compelling reasons to the contrary or significant differences in content.” Frank Wayne Associates, Inc. v. Fussier, 394 Mass. 619, 621 (1985), quoting Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975).

One example of a case in which there might be prejudice warranting a denial of a request or motion for an extension of time under Mass.R.Civ.P. 6(b)(1) would be an extension that would have the effect of enlarging the statute of limitations.

The defendant relies on Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 26 (1992), for the proposition that relief is not available under Mass.R.Civ.P. 6(b)(2) unless the moving party has actually attempted to make service before the expiration of the 90-day period. The court in Hull quotes the decision in Shuman v. Stanley Works, 30 Mass.App.Ct. 951, 953 (1991), in which the court quotes from Davis v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985), in which “good cause” is described as a “stringent standard.” The first observation about that standard is that it derives from federal cases decided prior to the decision by the United States Supreme Court in Pioneer, supra 507 U.S. at 387-88 & n.3, which established a more flexible standard for use in the federal courts. See Pincay v. Andrews, 2004 WL 2579440 (9th Cir. 2004) (en banc). Moreover, in Davis, plaintiffs counsel ignored two directives by the federal Magistrate to effect service and then, after the expiration of the allotted time, offered no more than a belief that the case would eventually settle as evidence of “good cause.” Apart from the fact that there is no requirement in either rule 4(j) or rule 6(b) that a party must have attempted to make service within 90 days in order to obtain an enlargement of time after 90 days, Hull is distinguishable because in that case there was no evidence of any good reason why service was not made within 90 days. Instead, the trial judge merely found that a 3-day delay in serving the complaint did not cause the defendant any prejudice.