Agnes, A.J.

INTRODUCTION

The defendants have filed motions to dismiss under Mass.RCiv.P. 4(j), 12(b)(5) and 12(b)(6) the Second Amended Complaint (complaint) filed by the plaintiffs which alleges legal negligence against their former counsel. In particular, the plaintiffs allege that their former lawyers failed to properly advise them regarding the rights of a terminated officer and shareholder, and then engaged in “over-litigation” of the lawsuit. The complaint contains four causes of action against all defendants: breach of contract (count I), breach of fiduciary duty (count II), legal negligence/malpractice (count III), and violations of G.L.c. 93A (count VI). In addition, count IV of the complaint alleges misrepresentation against the individual defendants, and count V alleges liability against the law firm for the actions of the individual defendants under the theory of respondeat superior.
The defendants’ motions to dismiss are based on allegations of insufficiency of service of process and failure to serve the complaint within the time extensions previously granted by the court. Also, the defendants maintain that the claims (with the exception of the G.L.c. 93A count) should be dismissed because they are outside the applicable three-year statute of limitations for actions of legal malpractice under G.L.c. 260, §§2A & 4. For the reasons that follow, the motions are DENIED

BACKGROUND

Plaintiff Union Products was organized in mid-1996 by four individuals (Messrs. Plante, Boudreau, Fetherstone, and Jaroz). Each of these four functioned as equal shareholders, directors, and officers. In January 1997, plaintiff terminated Mr. Jaroz. Mr. Jaroz subsequently filed suit against Union Products and his former colleagues. See Jaroz v. Union Products, Inc. et al., Worcester Superior Court, Civil Action No. 1997-00202, Docket Entry No. 1. On October 20, 2003, plaintiff filed suit against the firm and Palmer. Plaintiff filed an amended complaint on December 8, 2003 in which it added Count V alleging violations of G.L.c. 93A.
On January 20, 2004, pursuant to Mass.R.Civ.P. 4(j) and prior to the expiration of the ninety (90) day time period for service, plaintiff filed its Second Amended Complaint adding Hamdan and Nolin as defendants. On the same date, plaintiff sought and received a second extension for an additional sixty (60) days, extending the time for service of process to April 26, 2004. On April 15, 2004, prior to the expiration of the extension for completing service of process, the Sheriffs Office served the Second Amended Complaint which was dated April 8, 2004, upon a fill-in receptionist at the firm. On May 25, 2004, plaintiff received an extension of time in which to complete service of process on Hamdan and Nolin.

DISCUSSION

I
Defendants claim that plaintiff improperly served the individual lawyer defendants and the firm by (1) delivering the complaint and summons to a place of employment, and (2) by leaving the complaint and summons with a fill-in receptionist. Mass.R.Civ.P. 4(d)(2) requires that service upon a corporation or an unincorporated association may be made by delivery of a copy of the summons and complaint to “an officer, a managing or general agent, or to the person in charge of the business at the principal place of business . . . [or] to any other agent authorized by appointment or by law to receive service of process . . .” Mass.R.Civ.P. 4(d)(1) provides that service upon an individual may be made by delivering a copy of the complaint and summons “to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy ... to an agent duly authorized . . . to receive service of process.” Generally, service of process upon a corporation requires delivery to a responsible person in charge of the business or some division of the business. See Harriman v. Reading & Lowell St. Ry. Co., 173 Mass. 28, 38 (1899). See also Gottlieb v. Sandia American Corp., 452 F.2d 510 (3d Cir. 1971). Although simply making service at the defendants’ place of employment or serving a non-agent, non-responsible party is not sufficient to comply with Mass.RCiv.P. 4, it need not be a fatal error. See Jones v. Ella J. Fay Baker House, Inc., 2004 WL *625 856586, *2 (Mass. Superior) (Velis, J.), citing Mass.R.Civ.P. 4(g), Reporter’s Notes. See also G.L.c. 223, §84; G.L.c. 231, §51. The defendants have not demonstrated that they have suffered any material prejudice as a result of the defects in the service that was made, and thus their motions to dismiss are denied. See Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass.App.Ct. 319, 324-26 (1992).
II.
Defendants also move to dismiss on grounds that the plaintiff did not satisfy the requirements of Mass.R.Civ.P. 4(j) and/or 6(b) in obtaining previous extensions of time in which to complete service of process. The short answer to this argument is that extensions of time in which to make service are matters committed to the sound discretion of the court. See Brunelle v. Blaise, Worcester Superior Court, No. 2004-00920 (Nov. 24, 2004) (Agnes, J.) (18 Mass. L. Rptr. 556). This court has no duty to reconsider rulings on questions of this nature, see Salter v. Scott, 363 Mass. 396, 402 (1973), and is not inclined to do so unless it would result in a manifest injustice.
Ill
With the exception of count VI alleging a violation of G.L.c. 93A, which under G.L.c. 260, §4 has a four-year statute of limitations, defendants argue that the remainder of the plaintiffs claims are time barred. Claims for breach of fiduciary duty, legal malpractice and misrepresentation are governed by a three-year statute of limitations. See G.L.c. 260, §2A; G.L.c. 260, §4. The plaintiff relies on the so-called discovery rule which provides that “(t]he statute of limitations does not begin to run on a claim of malpractice until the plaintiff knows or reasonably should know that he or she has been harmed by the defendant’s conduct.” Williams v. Ely, 423 Mass. 467, 473 (1996). In Williams, the court applied the rule to claims of legal negligence. The discovery rule does not toll the running of the limitations period simply because the plaintiff may be unaware of the extent of the injury or that the attorney was in fact negligent. Id. Rather, “(o]nce a client or former client knows or reasonably should know that he or she has sustained appreciable harm as a result of the lawyer’s conduct, the statute of limitations starts to run.” Id. However, in cases in which the client continues to be represented by the lawyer, the law recognizes the need to toll the running of the limitations period because “a person seeking professional assistance has a right to repose confidence in the professional’s ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which services are rendered.” Rosen Construction Ventures, Inc. v. Mintz, Levin, Cohen, Ferris, Glovesky and Poepeo, P.C., 364 F.3d 399, 406 (1st Cir. 2004) (citations omitted).
The doctrine of continuing representation means that in the absence of fraud, it is not reasonable to expect clients to question the strategic advice of their attorneys for purposes of determining when the client knows that he, she or it has sustained harm. Rosen, supra, 364 F.3d at 406. Contrast, Marranakis v. Lichton, Worcester Superior Court, No. 2001-02403 (Nov. 17, 2003) (Kern, J.) (doctrine of continuing representation not applicable when the attorney-client relationship no longer exists). Although the Jaroz litigation was dismissed with prejudice in December 1999, plaintiff asserts that the clients did not reasonably know they had sustained harm until 2002 when the defendants advised them to seek outside counsel. In view of the evidence that the defendants gave assurances to the plaintiffs that they would prevail, it cannot be said that the plaintiffs had notice that the harm was the result of their counsel’s conduct before 2002.

CONCLUSION

For the above reasons, the defendants’ motions to dismiss are DENIED.